IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

THE BANK OF NEW YORK MELLON, *Plaintiff/Appellee*,

*v.*

IVAYLO DODEV, *Defendant/Appellant.*

No. 1 CA-CV 17-0652
FILED 11-20-18

---

Appeal from the Superior Court in Maricopa County
No.  CV2017-009322
The Honorable David W. Garbarino, Judge *Pro Tempore*
The Honorable Michael L. Barth, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

McCarthy & Holthus LLP, Scottsdale
By Ross Matthew Mumme, Melissa Robbins Coutts
*Counsel for Plaintiff/Appellee*

Ivaylo Dodev, Gilbert
*Defendant/Appellant Pro Se*

## OPINION

Judge Paul J. McMurdie delivered the opinion of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Kent E. Cattani joined.

**M c M U R D I E**, Judge:

**¶1**        Ivaylo Dodev appeals from a judgment finding him guilty of forcible detainer. We affirm the judgment and hold: (1) the pendency of Dodev's appeal from a previous dismissal without prejudice did not divest the superior court from jurisdiction to consider the current action; (2) Arizona Rule of Civil Procedure ("Civil Rule") 41 is not incorporated into the Arizona Rules of Procedure for Eviction Actions ("Eviction Rule"), therefore, the court did not err by refusing to dismiss the current action based on two prior voluntary dismissals; (3) the superior court properly allowed alternative service based on sufficient evidence of impracticability; (4) the superior court did not err by ordering Dodev to file an answer after determining it had personal jurisdiction; and (5) Arizona Revised Statutes ("A.R.S.") section  12-1178 allows for the awarding of attorney's fees in a forcible detainer action in a trial court, but A.R.S. § 12-1182 does not provide for attorney's fees on appeal.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        This case has a lengthy history, spanning many courts,[1] cases, and years. This history provides the context for the issues raised and why an eviction proceeding—which statutorily must be resolved within two weeks—has taken years to reach its final non-discretionary review. As of the filing of this appeal, Dodev continued to occupy the Gilbert residence

---

[1]        To understand the parties' arguments regarding previous filings, we have taken judicial notice of the records of this court and the superior court relating to this case. *See State v. Valenzuela*, 109 Ariz. 109, 110 (1973) (appellate court reviewed superior court records from other cases relating to the defendant); *In re Sabino R.*, 198 Ariz. 424 (App. 2000) (holding that "[i]t is proper for a court to take judicial notice of its own records or those of another action . . . in the same court"). In addition to the state court proceedings, see *In re Dodev*, 2015 WL 4069034, at *1 (B.A.P. 9th Cir. 2015) (mem. decision).

at issue (the "Property"), which he originally acquired in 2004. Dodev defaulted on his home loan in November 2008 but has since succeeded in remaining on the Property by filing numerous legal actions that delayed the foreclosure and subsequent trustee's sale. This appeal is Dodev's most recent attempt to retain possession of the Property.

¶3 In February 2016, the Bank of New York Mellon (the "Bank") acquired the Property through a trustee's sale. The Bank served Dodev written notice to vacate the premises. When Dodev failed to do so, the Bank pursued forcible detainer (or "eviction") actions pursuant to A.R.S. § 12-1173.01.

**The March and August 2016 Actions**

¶4 The Bank filed the first eviction action (the "March 2016" action) in superior court in March 2016, naming both Dodev and his wife as defendants. After the Dodevs failed to appear for the trial, the court entered a default judgment against them. The Dodevs moved to set aside the judgment, claiming they were out of town and had not been properly served. The court granted the motion. The Dodevs then filed numerous motions, including, but not limited to, motions to dismiss for lack of subject matter jurisdiction and for insufficient service. Eventually, the court scheduled the matter for trial and ordered the Dodevs to file an answer.

¶5 When the Dodevs failed to answer, the Bank again moved for a default judgment. The court denied the Bank's motion, stating "Defendants assert that they filed the Motion to Dismiss in lieu of an Answer to the Complaint. It appears, therefore, that Defendants may have misunderstood the Court's Order setting filing deadlines." The court extended the Dodevs' deadline to file an answer. On the eve of trial, rather than filing an answer, the Dodevs filed a notice of removal to federal court.

¶6 Eventually, the district court remanded the case for lack of jurisdiction and the superior court rescheduled the trial. The Dodevs again moved to dismiss raising jurisdictional challenges. Dodev's wife additionally argued that she was not properly served because while Dodev was personally served at the Property, the process server only provided one copy of the summons and complaint and did not ask if she was present or lived on the premises. By the scheduled trial date, Dodev and his wife had not answered. The court granted Dodev's wife's motion to dismiss but refused to dismiss the action against Dodev. The trial was continued because Dodev asserted he was not required to file an answer until after the

court ruled on his jurisdictional motion. The trial was rescheduled with a new deadline to file an answer.

¶7 The Bank filed a new eviction action in superior court (the "August 2016" action), naming only Dodev's wife as a defendant. On the day set for trial, Dodev filed an "Emergency Motion to Stay All Proceedings Pending Filing a Petition for a Writ of Certiorari." The court continued the trial and scheduled oral argument on the stay motion. Before the argument, the Bank requested the March 2016 and August 2016 actions be voluntarily dismissed. The cases were dismissed without prejudice.

### The January 2017 Action

¶8 In January 2017, the Bank refiled the eviction action (the "January 2017" action) against Dodev. The Bank served Dodev via "post and mail." *See* Ariz. R.P. Evic. Act. 5(f), 18(h). Dodev moved to dismiss, asserting the superior court lacked both personal and subject matter jurisdiction. Dodev argued the court improperly ordered the alternative service because the Bank failed to establish "impracticability." Dodev also argued the Bank's voluntary dismissals in the March and August 2016 actions precluded it from refiling a third eviction action under Civil Rule 41(a)(1)(B). The court granted Dodev's motion to dismiss based on insufficient process, ruling the Bank failed to show impracticability. Regarding Dodev's motion to dismiss based on Civil Rule 41, the court found that the remaining grounds offered in support of Dodev's motion to be "without sufficient factual and/or legal basis for the relief requested." Although the court granted Dodev's motion to dismiss, Dodev appealed the dismissal order.

### The Instant Case

¶9 The Bank refiled the dismissed claims from the January 2017 action. The Bank—again unable to effectuate personal service—moved for alternative service and filed an affidavit of non-service, stating the process server knocked on Dodev's door on five separate occasions on different days without result. The court granted the Bank's motion, and an affidavit of service was filed showing process was completed by alternative means. Dodev appeared by special appearance for the initial hearing. He made several personal and subject matter jurisdiction arguments.

¶10 First, Dodev argued that he had not been personally served, and the Bank's affidavit of non-service did not "establish that there was some kind of impediment." Thus, he asserted, the order granting alternative service was not appropriate and the court lacked personal

4

jurisdiction over him. Dodev also argued the Bank's motion for alternative service conflicted with the process server's affidavit. The motion for alternative service stated the Property's "no trespassing" signs made it impracticable to personally serve Dodev. Yet the affidavit of non-service indicated that the front door was reached. After hearing from both parties, the court found that the "disagreement as to the minor details as to what happened when the process server came out [to the Property] the first five times" was "[not] material as to whether or not [] service was actually effectuated in the case." The court denied Dodev's oral motion to dismiss, ruling "service was effectuated," and the court had jurisdiction.

¶11            Next, referring to the January 2017 action, Dodev argued that the "court [was] divested from jurisdiction" because the case was pending on appeal in the Arizona Supreme Court. The court denied the motion to dismiss on that basis because an appeal is "not pending if [it was] dismissed without prejudice."

¶12            Finally, Dodev refused to enter a plea during the hearing, asserting he should have the time to move for reconsideration regarding service. The court explained statutory evictions are quick proceedings, Dodev had properly made a record, and he could appeal an adverse decision after a final judgment. The court warned Dodev of the consequences of not filing an answer. The court ordered Dodev to file his answer by the following day; gave the parties a date to file any dispositive motions; and scheduled the matter for trial. Dodev orally responded by asking when he could have the minute entry because he could not answer until he could see how it was structured, as he intended to appeal the ruling. The court reiterated its rulings and again warned Dodev of the consequences of failing to file an answer. Ignoring the court's warning, Dodev opted to file a written motion to dismiss for lack of jurisdiction rather than file an answer. The motion was effectively a motion for reconsideration as the arguments had been previously raised and rejected by the court. When no answer was filed, the Bank moved for judgment on the pleadings.

¶13            At the time set for trial, Dodev again presented the court with a notice of removal to federal court. The superior court proceedings were stayed until the district court remanded the case. The superior court held a status hearing on the complaint after the remand. At the status hearing, Dodev appeared by special appearance and the Bank pressed the court to hold the trial that day to avoid additional delays from Dodev. Dodev stated that he could not proceed because he was "under medication," and "not sure [he could] say anything that would lead to a legal conclusion." Dodev

re-argued that the court did not have sufficient evidence to order alternative service because of the conflicting statements in the record. Because of the "confusion [in] the record," the court scheduled a hearing for the process server to testify on the same day as the trial. Dodev challenged the court's decision to hold trial on the same day because he was "pretty sure [he would] need more time to prepare for trial if the court determine[d] [that it had jurisdiction]." The court again warned Dodev of the consequences of not filing an answer.

**¶14**     Nevertheless, Dodev did not file an answer. After hearing testimony from the process server, the court reaffirmed that service was properly effectuated and entered a default judgment. Dodev timely appealed, posted the proper bonds, and still resides on the Property. We have jurisdiction pursuant to A.R.S. §§ 12-1182 and -2101.

## DISCUSSION

### A.     We Review Whether There was Proper Service *De Novo*.

**¶15**     Whether a court has personal jurisdiction over a party, *Bohreer v. Erie Ins. Exch.*, 216 Ariz. 208, 211, ¶ 7 (App. 2007), or subject matter jurisdiction over the case, *Beatie v. Beatie*, 235 Ariz. 427, 430, ¶ 14 (App. 2014), is reviewed *de novo*. Proper service is a legal question of personal jurisdiction that we also review *de novo. Ruffino v. Lokosky*, 245 Ariz. 165, 168, ¶ 9 (App. 2018); *Duckstein v. Wolf*, 230 Ariz. 227, 233, ¶ 19 (App. 2012) (citing cases). "Nevertheless, we defer to the superior court's factual findings, and will not set them aside unless they are clearly erroneous." *Ruffino,* 245 Ariz. at 168, ¶ 9.

### B.     The Prior Pending Case Doctrine Did Not Preclude the Superior Court from Hearing the Current Case.

**¶16**     Dodev contends that the prior pending case doctrine precluded the superior court from entertaining the current action because the Arizona Supreme Court had not ruled on his petition for review from the dismissal of the January 2017 action before the Bank refiled the case. He argues that the superior court should have stayed the proceedings until the appeal was finally resolved.

**¶17**     Under the prior pending case doctrine, "where two tribunals have concurrent jurisdiction, the first acquiring jurisdiction retains it to the exclusion of the other until the case is finally determined." *Agric. Emp't Relations Bd. v. United Farm Workers of Am.*, 26 Ariz. App. 336, 340 (1976); *Astorga v. Wing*, 211 Ariz. 139, 144, ¶ 24, n.5 (App. 2005) (doctrine applies

only when tribunal's authority derives from the same sovereign). For the reasons discussed below, we hold that the doctrine does not apply to the refiling of an action after a dismissal of a case without prejudice.

**¶18**        "The principle is well established that an appeal generally divests the trial court of jurisdiction to proceed except in furtherance of the appeal." *Castillo v. Indus. Comm'n*, 21 Ariz. App. 465, 467 (1974). However, our supreme court summarized the principle as follows:

> The jurisdiction of this court *when properly invoked* must be protected. It cannot be defeated or usurped to the extent that its decision when rendered be nugatory.

*Continental Cas. Co. v. Indus. Comm'n*, 111 Ariz. 291, 294 (1974) (emphasis added) (quoting *Whitfield Transp., Inc. v. Brooks*, 81 Ariz. 136, 141 (1956)). "By allowing the trial court to proceed with issues not directly involved in, or the subject matter of the appeal, the jurisdiction of the appellate court is adequately protected, and at the same time the trial court proceedings are not inordinately delayed pending the appellate decision." *State v. O'Connor*, 171 Ariz. 19, 22 (App. 1992). Accordingly, the superior court "retains jurisdiction to act so long as that act cannot negate the decision in a pending appeal or frustrate the appellate process." *Id.*; *Ariz. Corp. Comm'n v. Citizens Util. Co.*, 120 Ariz. 184, 193 (1978).

**¶19**        However, appellate jurisdiction does not generally arise until a final appealable determination is rendered in the trial court. A.R.S. § 12-2101(A)(1). Thus, a dismissal without prejudice is only appealable if the dismissal results in finality. *See Garza v. Swift Transp. Co.*, 222 Ariz. 281, 284, ¶ 15 (2009) (absent a showing of prejudice, an order is appealable when it in effect determines the action); *Dunn v. FastMed Urgent Care PC*, 245 Ariz. 35, 37, ¶ 9 (App. 2018) (recognizing exceptions to the general rule); *Brumett v. MGA Home Healthcare, L.L.C.*, 240 Ariz. 420, 432, ¶ 32 (App. 2016) (citing cases). Accordingly, the superior court had jurisdiction to hear the current eviction action even though Dodev was attempting to appeal the prior dismissal. As applicable here, a determination is final in an eviction action when it includes a judgment for the plaintiff or defendant for possession of the premises and resolves other issues such as damages, attorney's fees, and court and other costs. *See Bank of N.Y. Mellon v. Lehnerd*, 2 CA-CV 2014-0160, 2016 WL 1554292, at *1–2, ¶¶ 6–9 (Ariz. App. April 15, 2016) (mem. decision). The January 2017 action's dismissal without prejudice did none of these things and, instead, was based on insufficient service and was not an adjudication on the merits. *See Union Interchange, Inc. v. Van Aalsburg*, 102 Ariz. 461, 464 (1967) ("A dismissal without prejudice does not go to the

merits of the plaintiff's cause and does not bar plaintiff from later filing on the same cause of action."); *Airfreight Exp. Ltd v. Evergreen Air Ctr., Inc.*, 215 Ariz. 103, 108, ¶ 13 (App. 2007). Significantly, the prior dismissal did not conclude with a judgment resolving which party was entitled to actual possession.

¶20 Although Dodev appealed the dismissal order, this court declined jurisdiction to hear the appeal based on the lack of a final appealable order. Dodev moved for reconsideration of that order and added an emergency motion to dismiss the current action that was then pending in the superior court. We denied these motions. Dodev then sought review from the Arizona Supreme Court and asked it to stay the current action. Our supreme court denied the motion for stay and declined to accept review. Neither appellate court ever accepted or had appellate jurisdiction; thus, the appeal was not "properly invoked," and the superior court never lost jurisdiction over the current case. *See Continental Cas. Co.*, 111 Ariz. at 294.

### C.  Arizona Rule of Civil Procedure 41(a)(1)(B) is Not Applicable in Eviction Actions.

¶21 Dodev contends the superior court erred by not dismissing the current action under Civil Rule 41. He argues that because the Bank cited Civil Rule 41 as the basis for its two previous voluntary dismissals, the second voluntary dismissal was an adjudication on the merits. *See* Ariz. R. Civ. P. 41(a)(1)(B);[2] *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1076 (9th Cir. 1999) ("[A] voluntary dismissal of a second action operates as a dismissal on the merits if the plaintiff has previously dismissed an action involving the same claims. This is known as the 'two dismissal rule.'"). We disagree that Civil Rule 41 applies in this case.

¶22 Our supreme court enacted the Eviction Rules to replace the Rules of Civil Procedure in eviction actions. *See* Ariz. R.P. Evic. Act. 1. A forcible detainer action is an "eviction action" for purposes of the Eviction Rules. *Id.* A Civil Rule *only* applies in an eviction action when it is explicitly

---

[2]  Civil Rule 41(a)(1)(B) reads:

> Unless the notice or order states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed an action in any court based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

incorporated by an Eviction Rule. *Id.*; *see Sotomayor v. Sotomayor Munoz*, 239 Ariz. 288, 290, ¶ 8 (App. 2016) ("[T]he rules of civil procedure do not apply in eviction actions unless specifically incorporated by reference."); *see also, e.g.*, Ariz. R.P. Evic. Act. 9(j) ("All motions requesting an order for relief filed with the superior court shall be copied to the assigned judge, accompanied by a proposed order, which shall comply with the formatting requirements of *Rule 5.1(d) of the Arizona Rules of Civil Procedure*." (emphasis added)). Our supreme court did not incorporate Civil Rule 41(a)(1)(B) into the Eviction Rules.

¶23        The Bank's mislabeling of a voluntary request to dismiss as a Rule 41(a)(1) motion did not alter its effect, which was a dismissal based on lack of service. Eviction Rule 9 governs the procedure for various enumerated motions, and Rule 9(h) permits either party to make "[o]ther appropriate motions." Eviction Rule 5(f) allows for "[a] complaint that is not served within the time required by applicable statute [to] be dismissed at the initial appearance date." *See also* Ariz. R.P. Evic. Act. 13(a)(2) ("[T]he court shall . . . [d]etermine whether the tenant or occupant of the premises received proper termination notice if one was necessary, and was afforded any applicable opportunity to cure. If the notice does not comply with the statute or is not properly served, the court shall dismiss the action."). The language in Eviction Rule 5(f) that an action may be dismissed *at the initial hearing* does not prevent a party from dismissing a complaint prior to the hearing. It is unnecessary to expend additional judicial resources by requiring the court to conduct, and a plaintiff to attend, an initial hearing when service has not been effectuated and the result of the hearing would be a dismissal without prejudice. We read Eviction Rule 9(h) to allow the filing of a motion to voluntarily dismiss an unserved complaint.

¶24        As support for his position, Dodev references a minute entry from the January 2017 action where the superior court questioned the Bank's use of—and concurrent objection to Dodev's use of—Civil Rule 41. He also cites to a memorandum decision from this court, *Brosnahan v. Federal National Mortgage Ass'n*, 1 CA-CV 11-0709, 2012 WL 4963189, at *1, ¶ 9 (Ariz. App. Oct. 18, 2012) (mem. decision), an appeal of an eviction action where we also cited the then current version of Civil Rule 41 for the proposition that a plaintiff may dismiss an action without prejudice before an answer is filed. We disagree that there is an "open question" regarding the applicability of Civil Rule 41 to eviction actions. No Arizona caselaw supports the proposition that a plaintiff will be barred from bringing an eviction action after two voluntary dismissals. Although courts have referred to a voluntary dismissal of an eviction action using the Civil Rule 41 label, it does not appear that the "two dismissal rule" of Civil Rule 41

has ever been applied in a forcible detainer action under Eviction Rule 9. We decline to do so now.[3]

### D. The Superior Court Did Not Err by Granting a Default Judgment Against Dodev for Failing to Answer.

¶25 Dodev contends that the superior court erred by entering a default judgment against him while he was challenging personal jurisdiction. He argues that because his motion to dismiss was still pending when the court ordered him to file an answer, his compliance would have resulted in a waiver of all jurisdictional challenges. This argument fails for two reasons. First, the court denied Dodev's motion to dismiss for lack of jurisdiction *before* ordering him to answer. And second, the court had jurisdiction over Dodev when it ordered him to file the answer.

#### 1. The Court Did Not Err by Ordering Dodev to File an Answer Before Ruling on His Motion to Reconsider.

¶26 Dodev argues that he could not have filed an answer before the day of the trial because the court held the evidentiary hearing to determine whether alternative service was appropriate on the same day. A defendant who enters a general appearance after an adverse ruling on a jurisdictional defense has not waived that defense on appeal. *Ariz. Real Estate Inv., Inc. v. Schrader*, 226 Ariz. 128, 129–30, ¶ 7 (App. 2010). Dodev concedes that *Schrader* preserves a jurisdictional defense on appeal when a defendant makes a general appearance after the jurisdictional motion is denied but attempts to distinguish *Schrader* from his situation. For support, Dodev cites to *Kline v. Kline*, 221 Ariz. 564, 568, ¶ 10 (App. 2009).

¶27 However, *Kline* specifically did not address personal jurisdiction. 221 Ariz. at 568, ¶ 12, n.3 ("On October 3, 2006, we ruled in a special action proceeding that the trial court had personal jurisdiction over Husband. As a consequence, Husband is precluded from relitigating the issue of personal jurisdiction . . . ."). In *Kline*, the husband was personally served with a petition for dissolution, but not with the amended petition, which included a demand for spousal maintenance. *Id.* at ¶ 3. The husband's lawyer appeared on behalf of the husband by "special appearance," contesting personal jurisdiction. *Id.* at ¶ 4. On special action,

---

[3] Because we determine that Civil Rule 41 does not apply in a forcible detainer action, we have not determined if the Bank's voluntary dismissals in this case would have otherwise invoked the two dismissal rule.

this court determined that the superior court had personal jurisdiction over the husband. *Id.* The husband's lawyer continued to appear by special appearance, but never filed an answer. *Id.* at ¶¶ 4–5. The husband then appealed the resulting default judgment the superior court entered against him. *Id.* at ¶ 10. We determined there was no error and affirmed the default judgment because personal jurisdiction had already been established in the case; husband's lawyer expressly confirmed his knowledge of the amended petition's request for spousal maintenance; and the husband was not prejudiced by the lack of service in accordance with the applicable rule. *Id.* at 570–71, ¶¶ 21–24.

**¶28**        In some respects, Dodev is correct that *Kline* resembles his circumstances:

> This is a case in which personal jurisdiction had been established and a fully informed . . . party who actively litigated his case elected to have default entered against him. To claim the protection of ARFLP 44(G) in these circumstances offends the very purpose of the rule. Like Ariz. R. Civ. P. 54(d), ARFLP 44(G) was intended to serve as a shield for those prejudiced by a lack of notice, not as a sword for those who, with full information, elect to be defaulted.

221 Ariz. at 571, ¶ 23. Like *Kline*, Dodev was fully informed regarding the pleading requirements *after* the court determined that personal jurisdiction had been established. Under *Schrader*, Dodev's participation in the case after the court resolved the issue of personal jurisdiction would not have waived his personal jurisdiction claim. 226 Ariz. at 129–30, ¶ 7. Therefore, we review *de novo* whether the court erred by determining there was sufficient process.

### 2.        The Superior Court Had Sufficient Evidence of Impracticability to Grant the Bank's Motion for Alternative Service.

**¶29**        Dodev argues that the superior court granted the Bank's motion for alternative service without a sufficient showing of impracticability. "Proper, effective service on a defendant is a prerequisite to a court's exercising personal jurisdiction over the defendant." *Barlage v. Valentine*, 210 Ariz. 270, 272, ¶ 4 (App. 2005). Whether a court has jurisdiction over a person is established by "the fact of service and the resulting notice." *Hirsch v. Nat'l Van Lines, Inc.*, 136 Ariz. 304, 308 (1983). If "service remains incomplete, or is defective, the court never acquires

jurisdiction." *Postal Instant Press, Inc. v. Corral Rests., Inc.*, 186 Ariz. 535, 537 (1996).

¶30　　　　Under Eviction Rule 5(e), service in a forcible detainer action must comply with Civil Rule 4.1, which provides:

> an individual may be [personally] served by: (1) delivering a copy of the summons and the pleading being served to that individual personally; [or] (2) leaving a copy of each at that individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there.

When a party demonstrates that personal service would be impracticable, the court may order service to be accomplished in another manner. Ariz. R. Civ. P. 4.1(k). Citing to *Blair v. Burgener*, 226 Ariz. 213 (App. 2010), Dodev contends that "five naked service attempts, without reaching out to immediate family members, work place(s), neighbors, and/or making phone calls to determine if the subject is even in town at the time of the alleged service attempts, neither constitute impracticability, nor warrants a motion for order authorizing alternative service."

¶31　　　　Impracticable does not mean impossible, but rather that service would be "extremely difficult or inconvenient." *Blair*, 226 Ariz. at 218, ¶ 17. "[T]his standard requires something less than the 'due diligence' showing required before service by publication may be utilized." *Id.* at ¶ 16; *cf. Ruffino*, 245 Ariz. at 170, ¶¶ 13–15 (addressing lack of due diligence for service by publication). "[A] forcible detainer action is a summary, speedy and adequate statutory remedy for obtaining possession of premises by one entitled to actual possession." *Carrington Mortg. Servs. v. Woods*, 242 Ariz. 455, 456, ¶ 6 (App. 2017). "Although [the need to make speedy and quick determinations in a forcible detainer action] is a legitimate concern, it cannot be the sole basis for establishing impracticability." *Schrader*, 226 Ariz. at 130, ¶ 12.

¶32　　　　While the concern for a speedy resolution cannot be the *sole* basis for impracticability, it is nonetheless a consideration a court must weigh when examining the circumstances. The Bank provided the court with an affidavit of non-service showing that over the course of five days the process server attempted to personally serve Dodev on five occasions, at different times of the day. Given the speedy nature of a forcible detainer proceeding, and the history of the proceedings as described above, the court did not err by finding it unlikely that further attempts at personal service would yield a different result. The affidavit of non-service was sufficient to

support the conclusion reached by the court that personal service would be extremely difficult or inconvenient. *See Blair*, 226 Ariz. at 218, ¶ 17.

### 3. The Court Did Not Err by Granting a Default Judgment Against Dodev.

**¶33** Next, Dodev argues that the superior court denied him the right to answer the complaint. We disagree. As described above, Dodev would not have waived his jurisdictional arguments by answering the complaint. The court provided numerous opportunities for Dodev to answer and warned him of the consequences if he did not. We conclude there was ample opportunity for Dodev to present a defense; his conscious and informed decision to ignore the court's directive is not a basis for setting aside the judgment.

### E. The Superior Court Did Not Err by Awarding Attorney's Fees to the Bank.

**¶34** Finally, Dodev argues in his reply brief that the superior court erred by awarding attorney's fees in this forcible detainer action. *See DVM Co. v. Stag Tobacconist, Ltd.*, 137 Ariz. 466, 468 (1983) (attorney's fees not authorized in eviction actions under previous version of A.R.S. § 12-1178(A) (1939)). Because the attorney's fees issue was not raised in the opening brief, we could consider the issue waived. *See* ARCAP 13(a)(6); *Nelson v. Rice*, 198 Ariz. 563, 567, ¶ 11, n.3 (App. 2000). However, given the confusion around whether attorney's fees can be awarded in a forcible detainer action, we elect to address the issue. *See Clemens v. Clark*, 101 Ariz. 413, 414 (1966) (appellate court may entertain the merits of an issue even if deficiently briefed); *Delmastro & Eells v. Taco Bell Corp.*, 228 Ariz. 134, 137, ¶ 7, n.2 (App. 2011).

**¶35** "It is a generally accepted rule that attorney's fees are not recoverable unless they are expressly provided for either by statute or contract." *DVM*, 137 Ariz. at 468. After *DVM*, the question of whether a court can award attorney's fees in a forcible detainer action has been repeatedly addressed because of revisions to A.R.S. § 12-1178. *See, e.g., RREEF Mgmt. Co. v. Camex Productions, Inc.*, 190 Ariz. 75, 80 (App. 1997) (revision of A.R.S. § 33-1315(A)(2) providing attorney's fees to the prevailing party in a forcible detainer action under the Landlord Tenant Act applied only to residential leases); *Camelback Plaza Dev., L.C. v. Hard Rock Cafe Int'l (Phoenix)*, 200 Ariz. 206, 209–10, ¶¶ 5–15 (App. 2001) (revisions to A.R.S. § 12-1178 allowing for recovery of "all charges" in the rental

agreement was not intended to include attorney's fees for a commercial lease).

**¶36**        Previously, we held that a party was permitted to an award of attorney's fees in a forcible detainer action only when the action arose after termination of a residential lease. *See RREEF Mgmt. Co.*, 190 Ariz. at 80. However, in 2008, the legislature revised A.R.S. § 12-1178(A) relating to the awarding of attorney's fees in an eviction action in a trial court:

> If the defendant is found guilty of forcible entry and detainer or forcible detainer, the court *shall* give judgment for the plaintiff for restitution of the premises, for all charges stated in the rental agreement and for damages, *attorney fees*, court and other costs and, at the plaintiff's option, all rent found to be due and unpaid through the periodic rental period, as described in § 33-1314, subsection C, as provided for in the rental agreement, and shall grant a writ of restitution.

(Emphasis added). Because A.R.S. § 12-1178 now specifically provides an independent basis for awarding attorney's fees, regardless of whether the parties are subject to a contract that provides for such fees, the superior court did not err by awarding the Bank its attorney's fees. To the extent previous decisions held that a trial court lacked the authority to award attorney's fees in a forcible detainer action, those decisions have been statutorily overruled by the legislature's amendment to A.R.S. § 12-1178(A).

## ATTORNEY'S FEES AND COSTS ON APPEAL

**¶37**        The Bank requests this court to award its attorney's fees on appeal pursuant to A.R.S. § 12-341.01, ARCAP 25, and A.R.S. § 12-1178(A).

**¶38**        We understand the Bank's argument to be that the note and deed of trust between the Bank and Dodev are contracts that bring its claim for fees under the purview of A.R.S. § 12-341.01(A), which permits an award of attorney's fees to the prevailing party in a dispute that arises out of contract. But a forcible detainer action following a trustee's sale does not arise out of contract. *Carrington*, 242 Ariz. at 457, ¶ 14 (citing *RREEF Mgmt.*, 190 Ariz. at 80). A party who had a lawful possessory interest in property and who continues in possession of the property after its interest is terminated by a trustee's sale becomes a "tenant at sufferance." *Grady v. Barth ex rel. County of Maricopa*, 233 Ariz. 318, 321, ¶ 12 (App. 2013). A contract does not exist between a "landlord" and a "tenant at sufferance." *Id.* The forcible detainer action arises from Dodev's status as a tenant at sufferance following the trustee's sale, and not from any contractual

relationship he may have had with the Bank prior to that sale. Therefore, we decline to award the Bank attorney's fees on appeal based on A.R.S. § 12-341.01(A).

**¶39**        Regarding ARCAP 25, "[w]e impose sanctions under ARCAP 25 only 'with great reservation.'" *Villa de Jardines Ass'n v. Flagstar Bank, FSB*, 227 Ariz. 91, 99, ¶ 26 (App. 2011) (quoting *Ariz. Tax Res. Ass'n v. Dep't of Revenue,* 163 Ariz. 255, 258 (1989)). The Bank did not address why sanctions under ARCAP 25 should be imposed. Because the Bank failed to offer argument to justify sanctions under ARCAP 25, it has waived the issue, and we decline to award attorney's fees as a sanction. *See* ARCAP 13(a)(7) ("An 'argument' . . . must contain . . . contentions concerning each issue presented for review, with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the portions of the record on which the [party] relies."); *Stafford v. Burns*, 241 Ariz. 474, 483, ¶ 34 (App. 2017) (the failure to develop an argument in a meaningful way constitutes a waiver).

**¶40**        The Bank has likewise failed to provide support or argument for its contention that A.R.S. § 12-1178, which applies to trial court proceedings, allows this court to award fees on appeal. A.R.S. § 12-1182[4] discusses appeals relating to forcible detainers filed in the superior court and provides that the appellant "will pay the rental value of the premises pending the appeal and all damages, costs, and rent adjudged against him" by the appellate court. As noted in our previous caselaw, costs and damages

---

[4]        A.R.S. § 12-1182, reads as follows:

A. In a forcible entry or forcible detainer action originally commenced in the superior court, an appeal may be taken to the supreme court as in other civil actions.

B. The appeal, if taken by the party in possession of the premises, shall not stay execution of the judgment unless the superior court so orders, and appellant shall file a bond in an amount fixed and approved by the court, conditioned that appellant will prosecute the appeal to effect and will pay the rental value of the premises pending the appeal and all damages, costs, and rent adjudged against him by the superior court or the supreme court.

*See also Morgan v. Cont'l Mortg. Inv'rs*, 16 Ariz. App. 86, 91 (1971) (interpreting § 12-1182 to apply to the court of appeals when original action commenced in superior court).

do not include attorney's fees. *Camelback Plaza Dev., L.C.*, 200 Ariz. at 209–10, ¶ 10.

**¶41**  Because the Bank failed to provide us with authority or argument to award attorney's fees on appeal, we deny the Bank's request. As the prevailing party, the Bank is entitled to costs upon compliance with ARCAP 21.

## CONCLUSION

**¶42**  For the foregoing reasons, we affirm the judgment.



AMY M. WOOD • Clerk of the Court
FILED:  JT