NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JOHN S. SUTTO, JR., et al., *Plaintiffs/Appellees,*

*v.*

JAMES W. BONHAM, *Defendant/Appellant.*

No. 1 CA-CV 19-0278
FILED 12-17-2019

Appeal from the Superior Court in Maricopa County
No. CV2019-004326
The Honorable David W. Garbarino, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCES

James W. Bonham, Glendale
*Defendant/Appellant*

Williams Zinman & Parham PC, Scottsdale
By Scott E. Williams, Mark B. Zinman
*Counsel for Plaintiffs/Appellees*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Michael J. Brown joined.

---

**C A M P B E L L**, Judge:

¶1        James Bonham appeals from the superior court's judgment in favor of John Sutto, Jr., et al., in this forcible detainer action. "On the trial of an action of forcible entry or forcible detainer, the only issue shall be the actual possession and the merits of title shall not be inquired into." A.R.S. § 12-1177(A); *Curtis v. Morris*, 186 Ariz. 534, 535 (1996). Because Bonham in this appeal only raises challenges to the merits of title, we affirm the superior court's judgment.

**BACKGROUND**

¶2        In March 2005, Bonham executed a promissory note secured by a deed of trust on real property located in Glendale, Arizona ("the property"). On February 27, 2019, John and Holly Sutto purchased the property at a trustee's sale and the duly appointed trustee conveyed the property to them through a trustee's deed. On the same date, the Suttos served Bonham with a "Written Demand of Surrender and Possession," notifying him that they had purchased the property through a trustee's sale and demanding that he vacate the premises immediately.

¶3        Bonham did not vacate the premises, and nine days later, the Suttos sued Bonham for forcible detainer. Moving to dismiss that complaint, Bonham asserted the superior court lacked jurisdiction over the forcible detainer action because he had a pending bankruptcy case in the federal court. In a separate answer, Bonham reasserted his claim that the superior court lacked jurisdiction and cited A.R.S. § 39-161 as an affirmative defense, without providing any explanation. *See* A.R.S. § 39-161 (criminalizing certain transactions involving false or forged instruments).

¶4        After a bench trial, the superior court denied the motion to dismiss and entered judgment in favor of the Suttos, finding Bonham guilty of forcible detainer. Bonham timely appealed.

**DISCUSSION**

### I. Validity of Underlying Trustee's Sale

¶5 Arguing the superior court improperly found him guilty of forcible detainer, Bonham contends that the underlying trustee's sale violated A.R.S. § 39-161. According to Bonham, this purported statutory violation voids the trustee's sale and the Suttos therefore have no lawful claim against him.[1]

¶6 A forcible detainer action is a statutory proceeding, "the object of which is to provide a summary, speedy and adequate means for obtaining possession of premises by one entitled to actual possession." *Heywood v. Ziol*, 91 Ariz. 309, 311 (1962). We review the superior court's application of the relevant statutes de novo. *See City of Tucson v. Pima County*, 190 Ariz. 385, 386 (App. 1997). Under A.R.S. § 12-1173.01(A)(2), "a person . . . who retains possession of . . . real property after he receives written demand of possession may be removed through an action for forcible detainer . . . [i]f the property has been sold through a trustee's sale under a deed of trust . . . ."

¶7 Contrary to Bonham's contention, A.R.S. § 39-161 provides no defense to a forcible detainer action because the only issue in a forcible detainer action is actual possession, not the merits of title. A.R.S. § 12-1177(A); *Curtis*, 186 Ariz. 534, 535 (1996). To find otherwise "would convert a forcible detainer action into a quiet title action and defeat its purpose as a summary remedy." *Curtis*, 186 Ariz. at 535. Because Bonham challenges only the validity of the underlying trustee's sale and does not otherwise dispute the superior court's finding that he is guilty of forcible detainer, we cannot say the court erred by entering judgment in favor of the Suttos.

---

[1] Bonham also asserts the superior court improperly denied his motion to dismiss. Although we may review the denial of a motion to dismiss as part of an appeal from a final judgment, *see Sanchez v. Coxon*, 175 Ariz. 93, 94 (1993), Bonham challenged only the superior court's jurisdiction in his motion to dismiss, not the validity of the trustee's sale. Because Bonham does not reassert his jurisdiction claim on appeal, we do not consider the court's denial of the motion to dismiss.

## II.    Attorney Fees Incurred on Appeal

**¶8**        Citing A.R.S. §§ 12-341.01, 12-349, 12-1178, 33-1315, and Arizona Rule of Civil Procedure ("Rule") 11, the Suttos request an award of their attorney fees incurred on appeal.  Under A.R.S. § 12–341.01(A), a court may award attorney fees to the prevailing party in a dispute that arises out of a contract. A forcible detainer action, however, does not arise out of contract. *Bank of New York Mellon v. Dodev*, 246 Ariz. 1, 11-12, ¶ 38 (App. 2018); *Carrington Mortg. Servs. v. Woods*, 242 Ariz. 455, 457, ¶ 14 (App. 2017). While a "party who had a lawful possessory interest in property and who continues in possession of the property after [that] interest is terminated by a trustee's sale becomes a tenant at sufferance[,] . . . [a] contract does not exist between a landlord and a tenant at sufferance." *Bank of New York Mellon*, 246 Ariz. at 12, ¶ 38 (internal quotations omitted). For this reason, A.R.S. § 33-1315(A)(2), which permits an award of attorney fees for a forcible detainer action arising out of a rental agreement, likewise provides no basis for an attorney fees award in this case.

**¶9**        Under A.R.S. § 12-1178(A), the superior court may award attorney fees to a party who successfully prosecutes a forcible detainer action. But A.R.S. § 12-1182(B), which governs appeals from a forcible detainer judgment, only authorizes an award of costs, rent, and damages, not attorney fees. *Bank of New York Mellon*, 246 Ariz. at 12, ¶ 40. "As noted in our previous caselaw, costs and damages do not include attorney fees[,]" and A.R.S. § 12-1178 therefore provides no basis for an attorney fees award on appeal. *Id.*

**¶10**        Finally, Rule 11 and A.R.S. § 12-349 authorize a sanction-based award of attorney fees. Citing *Villa De Jardines Ass'n v. Flagstar Bank, FSB*, 227 Ariz. 91, 96, ¶ 13 (App. 2011), the Suttos contend sanctions are warranted because: "[(]1) there was no reasonable inquiry into the basis for [the appeal]; (2) there was no chance of success under existing precedent; and (3) there was no reasonable argument to extend, modify, or reverse the controlling law . . . ." The Suttos also assert that sanctions are appropriate under A.R.S. § 12-349(A) because Bonham appealed the judgment "without any justification" and for the sole "purpose of delaying" the Suttos from obtaining possession of the property.  Although A.R.S. § 12-1173.01(A)(2) presupposes a valid trustee's sale and transfer of deed of trust, Bonham did not argue that the question of title was so intertwined with the issue of possession that title had to be determined before possession could be adjudicated in the forcible detainer action. Nonetheless, we do not find Bonham's challenge to the validity of the underlying trustee's sale as a defense to the forcible detainer action manifestly unreasonable and thus we

4

decline to award attorney fees as a sanction. *See Bank of New York Mellon*, 246 Ariz. at 12, ¶ 39 (noting this court imposes sanctions "only with great reservation") (internal quotation omitted).

**CONCLUSION**

**¶11**        For the foregoing reasons, we affirm. As the successful parties on appeal, we award the Suttos their costs, conditioned upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA