NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

R. JEAN BLANSETTE CRUGER,
*Plaintiff/Appellee*,

v.

BRADLEY BLANSETTE,
*Defendant/Appellant*.

No. 1 CA-CV 20-0391
FILED 6-29-2021

Appeal from the Superior Court in Maricopa County
No. CV2020-005924
The Honorable David W. Garbarino, Judge *Pro Tempore*

**VACATED AND REMANDED**

COUNSEL

Sacks Tierney, PA, Scottsdale
By Randy Nussbaum, Michael J. Harris
*Counsel for Plaintiff/Appellee*

Horne Slaton, PLLC, Scottsdale
By Thomas C. Horne
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge Jennifer B. Campbell joined.

---

**M O R S E**, Judge:

¶1        Bradley Blansette ("Blansette") appeals a forcible detainer judgment granted to R. Jean Blansette Cruger ("Cruger"), in her capacity as trustee of the R. Jean Blansette Cruger Living Trust, dated October 17, 2018. For the reasons herein, we vacate the judgment and remand for further proceedings.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Cruger is Blansette's mother.  She is also his landlord, and alleges Blansette has been living rent-free on her property for years.  That was fine for a time, but Cruger recently determined she could no longer afford to maintain the property and planned to sell it.  When she asked Blansette to move out, he refused and claimed Cruger was not his landlord and he was actually co-owner of the property.  Cruger then filed a forcible detainer action to evict Blansette, and Blansette responded by filing a quiet title action against Cruger.[1]

¶3        At the initial hearing, Blansette pled not guilty and requested a jury trial.  The superior court denied his request for a jury trial but set the matter for bench trial at a later date.

¶4        Shortly thereafter, Cruger moved for summary judgment. She provided the court a recorded deed showing she was the sole owner of the property.  Additionally, she asserted that she notified Blansette that his tenancy would be terminated, that Blansette failed to vacate the property, and that Blansette continued to live at the property.  In response, Blansette disputed he was a tenant and continued to claim he was co-owner of the

---

[1]        As it is the subject of this appeal, we focus solely on the forcible detainer action.

property, though he did not meaningfully dispute Cruger's other allegations.

¶5    At trial, the superior court denied Cruger's summary judgment motion and her verbal motion to reconsider that denial. The court noted that there was no affidavit or declaration attached to the motion and, on that basis, the court was "inclined just to go to trial and let [the parties] put on witnesses under oath, and let [the parties] cross-examine the witnesses under oath." Trial proceeded, the parties elicited sworn testimony from witnesses, and admitted evidence into the record. At the trial's conclusion, the court said it would make a ruling "[b]ased upon the information" received. That same day, the court issued a minute entry ruling that found Blansette guilty of forcible detainer "based upon the testimony and exhibits received . . . ."

¶6    Blansette timely appeals that judgment. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶7    Blansette raised numerous issues in his opening brief, but his reply brief expressly waives all but one issue: did the superior court err in denying Blansette a jury trial? After reviewing the record, we conclude the court erred.

¶8    This case turns on whether the superior court's denial of a jury trial was contrary to A.R.S. § 12-1176. "Interpreting rules, statutes, and constitutional provisions raises questions of law, which we review de novo." *State v. Hansen*, 215 Ariz. 287, 289, ¶ 6 (2007).

¶9    Section 12-1176(B) provides that, in a forcible detainer action, "[i]f the plaintiff does not request a jury, the defendant may do so on appearing and the request shall be granted." But, Rule 11(d) of the Rules of Procedure for Eviction Actions states that if a jury trial has been demanded "but no factual issues exist for the jury to determine, the matter shall proceed to a trial by the judge alone." Reading these provisions together, this court recently explained that "the right to trial in this context is not violated when 'there are simply no genuine issues of fact for a jury to consider.'" *Montano v. Luff*, 250 Ariz. 401, 406, ¶ 16 (App. 2020) (citation omitted); *accord Sedona-Oak Creek Airport Auth. Inc. v. Dakota Territory Tours ACC*, 1 CA-CV 20-0158, 2021 WL 97217, at *4, ¶ 17 (Ariz. App. Jan. 12, 2021) (mem. decision).

**¶10** Cruger argues there were no issues of fact in dispute and, therefore, Blansette was not entitled to a jury trial. But the superior court denied Cruger's summary judgment motion, denied her motion for reconsideration, and issued a judgment "based upon the testimony and exhibits received . . . ." Furthermore, during closing arguments, Cruger's counsel acknowledged that Blansette disputed receiving the termination of tenancy letter and Blansette's counsel argued there was a factual dispute as to whether a month-to-month tenancy existed. Both are arguable issues of fact presumably resolved by the superior court in reaching its decision.[2]

**¶11** We would agree with Cruger if the record indicated the superior court found there were no material facts in dispute, but nothing in the record on appeal reflects that the court made such a finding. Therefore, we vacate the forcible detainer judgment and remand for further proceedings.

**¶12** We note that Cruger is free to renew her motion for summary judgment on remand, and the superior court remains free to grant a forcible detainer judgment without a jury if it finds there are no material facts in dispute. *See Montano*, 250 Ariz. at 406, ¶ 16. Blansette is only entitled to a jury trial if there are issues of fact for a jury to consider and resolve. *Id.*

**¶13** Both parties request their attorney fees on appeal under A.R.S. § 12-1178. We deny both parties requests for attorney fees, as neither party has "provide[d] support or argument for [their] contention that A.R.S. § 12-1178, which applies to trial court proceedings, allows this court to award fees on appeal." *Bank of New York Mellon v. Dodev*, 246 Ariz. 1, 12, ¶ 40 (App. 2018). Additionally, Cruger requests an award of costs on appeal. As she is not the prevailing party, we deny her request.

---

[2] We note that Blansette's counsel has conceded it is improper to litigate issues of title in a forcible detainer action, and Cruger has argued Blansette's argument is simply an attempt to shoehorn title issues into this case. Cruger remains free to re-raise this argument on remand.

**CONCLUSION**

**¶14**      For the above-stated reasons, we vacate the forcible detainer judgment entered against Blansette and remand this case for further proceedings.



AMY M. WOOD • Clerk of the Court
FILED:    AA