NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

TYRONE C. LOMELI, *Plaintiff/Appellee,*

*v.*

JESSICA VELASCO AND FILEMON VELASCO, *Defendants/Appellants*

*and*

YAVAPAI COUNTY TREASURER, *Defendant/Appellee.*

HOUSEOPOLY, LLC, *Intervenor/Appellee*

No. 1 CA-CV 21-0576
FILED 11-3-2022

Appeal from the Superior Court in Yavapai County
No. P1300CV201801054
The Honorable John David Napper, Judge

**AFFIRMED**

COUNSEL

Stephen H. Schwartz, Sedona
*Counsel for Defendants/Appellants*

Law Office of Lawrence K. Lynde, PLLC, Phoenix
By Lawrence K. Lynde
*Counsel for Intervenor/Appellee Houseopoly, LLC*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Cynthia J. Bailey and Vice Chief Judge David B. Gass joined.

---

**T H U M M A**, Judge:

¶1   Defendants Jessica and Filemon Velasco appeal an order denying their motion to vacate a default judgment, claiming a lack of jurisdiction. Because the Velascos have shown no error, the order is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2   In November 2018, plaintiff Tyrone Lomeli filed a complaint to foreclose on a tax lien and quiet title on real property, including a house, the Velascos owned in Prescott. In December 2018, Lomeli's process server made a court filing stating she had been unable to serve the Velascos at the Prescott House after three attempts on different days at different times.[1] The filing noted the Prescott House "[s]eems to be abandoned," with the front door blocked by chairs, boards on the windows and doors, no cars present and no electrical panel. The process server left a card during the second attempt, which was still there on her third attempt.

¶3   Lomeli then had the process server attempt service at the Velascos' residence in Paulden, Arizona. The process server later made a court filing stating she had been unable to serve the Velascos at the Paulden

---

[1] This filing states that the third attempt was made on December 18, 2018 at 3:15 p.m., while the manual file stamp states it was received by the court on December 18, 2018 at 9:17 a.m. The process server's notes, admitted at a later hearing and stating the third attempt was made on "12-18-18 @ 3:15 pm," suggest the file stamp may have been off by a day. However, because the Prescott House was abandoned, the precise date of the third service attempt at that properly was not material.

House after three attempts on different days at different times, providing these details:

> 1st Attempt 12-22-18 @ 12:59pm. Gate around house and it's locked, unable to get in, left card. Multiple vehicles in drive[way] but not able to see plates. 2nd Attempt 12-27-18 @ 06:17pm, gate still closed and locked, card gone that I left. Could see lights on in house. 3rd Attempt 12-28-18 @ 07:32am Gate still closed and locked, card gone, unable to get in.

**¶4**        Lomeli then moved to effectuate service by alternative means, claiming the Velascos were "deliberately avoiding service of process." *See* Ariz. R. Civ. P. 4.1(k) (2022).[2] The court granted the motion, directing that Lomeli may "post a copy of the documents at the main entrance of the defendant's residence and then mailing a second copy of the documents at the same residence address by regular first class mail, postage prepaid." The process server then filed proof of service in January 2019, declaring she had posted the documents "to the pole of the gate that is the entry to the" Paulden House and mailed a copy via first class mail.

**¶5**        In February 2019, Lomeli applied for entry of default, with a supporting affidavit, as well as a motion for default judgment. *See* Ariz. R. Civ. P. 55. Along with the address for the Paulden House, the affidavit listed five of the nine symbols of the parcel number. In April 2019, after a hearing, the court found that Lomeli was entitled to entry of a default judgment. In May 2019, the court entered a judgment placing a lien on the Prescott House for $955.50. In September and October 2019, Lomeli filed two writs of special execution seeking to enforce the judgment. In December 2019, the Prescott House was sold at a sheriff's sale to intervenor Houseopoly, LLC, for $110,000.

**¶6**        In June 2020, the Velascos moved to vacate the May 2019 judgment as void, to quash the writ of execution and to set aside the sheriff's sale. *See* Ariz. R. Civ. P. 60(b). Stating they had owned the Prescott House for years but had never lived there, and that the Yavapai County Treasurer's Office listed their residence as the Paulden House, the motion alleged the process server improperly tried to serve them at the Prescott House. The motion claimed the Paulden House has two entry gates, one

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

which is always locked and one which is "always kept chained but it is never locked when the Velascos are home." The motion added that sheriff's deputies had visited "as many as twenty times in the last three years and have never had a problem accessing the home." The motion claimed the Velascos "were never personally served;" "never attempted to evade service" and "never knew a lawsuit had been filed." The motion alleged the Velascos "did not learn of the tax sale until some weeks ago." Claiming personal service was practicable, meaning no proper service of process had occurred, the motion argued the court lacked jurisdiction over the Velascos and asked the court to vacate the judgment, void the writ of execution and set aside the sheriff's sale.

¶7            The court held an evidentiary hearing on the motion over parts of three days. The evidence received included that the process server sent the summons via first class mail to the Velascos' residence, with Mr. Velasco testifying that they received mail at their residence. The evidence also included a notification of judgment debtor and notice of sheriff's sale, signed by Mr. Velasco in November 2019, showing the Velascos had notice of the impending sale but did not seek to stop it. Mr. Velasco testified he did not understand the importance of the document at that time, but did not deny signing it in November 2019 before the December 2019 sheriff's sale.

¶8            After hearing from several witnesses, including the process server, law enforcement officers and Mr. Velasco, and receiving several exhibits, the court denied the Velascos' motion. The court determined that the ruling authorizing alternative service, given that personal services was impracticable, was not error. After assessing witness credibility, and noting the conflicting evidence, the court found "there is outside information that confirms what was in the process server's affidavit." Concluding service of process by alternative means was completed, the court ruled that "[u]nder those circumstances the judgment was valid." The court also found that the Velascos had notice of the sheriff's sale before it occurred, but did not take timely action to prevent the sale. This court has jurisdiction over the Velascos' timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. sections 12-102.21(A)(1) and -2101(A)(1).

**DISCUSSION**

**¶9**         This court will generally affirm a superior court's ruling on a Rule 60(b) motion absent an abuse of discretion. *Ruffino v. Lokosky*, 245 Ariz. 165, 168 ¶ 9 (App. 2018). Whether service is proper "is a legal question of personal jurisdiction which we review *de novo*." *Id.* (citations omitted). This court, however, "defer[s] to the superior court's factual findings, and will not set them aside unless they are clearly erroneous." *Id.* (citation omitted).

**¶10**         The Velascos argue "[t]he default judgment is void because Lomeli failed to demonstrate impracticability of traditional means of service," arguing the process server's attempts at service did not show that it was impracticable. *See* Ariz. R. Civ. P. 4.1(k) ("If a party shows that [traditional] means of service . . . are impracticable, the court may – on motion and without notice to the person to be served – order that service may be accomplished in another manner."). "Impracticable does not mean impossible, but rather that service would be 'extremely difficult or inconvenient.'" *Bank of N.Y. Mellon v. Dodev*, 246 Ariz. 1, 10 ¶ 31 (App. 2018) (citation omitted). Impracticability "requires something less than the 'due diligence' showing required before service by publication may be utilized." *Blair v. Burgener* 226 Ariz. 213, 218 ¶ 16 (App. 2010) (citation omitted).

**¶11**         The process server's December 2018 filings properly support the court's finding that service of process by ordinary means was impracticable and that service by alternative means was appropriate. *See* Ariz. R. Civ. P. 4.1(k). Although disputing the date of the process server's third service attempt at the Prescott House, that property was not occupied, meaning further attempts at service there would not have been fruitful. *See Dodev*, 246 Ariz. at 10 ¶ 32 (noting court did not err in authorizing alternative means of service when "further attempts at personal service" were unlikely to be effective). The court properly could conclude that the process server's attempts at the Paulden Home, *see supra* ¶ 3, supported the same conclusion. *Id.* Nor have the Velascos shown how the superior court was compelled to hold an evidentiary hearing, as suggested at oral argument in this court, given the filings provided in seeking leave to effectuate service by alternative means. The Velascos have failed to show that the order allowing service by alternative means was error.

**¶12**         Nor did the evidence considered by the superior court at the evidentiary hearing held more than two years later compel a different result. That evidence included the process server's notes from her various attempts to effectuate service. The evidence showed the process server went to the Paulden House three times but was "unable to access other entrances.

Either locked or blocked;" "no trespassing [signs] on all gates;" "My card gone I left, no call record. Gate still locked;" and "unable to get in." The process server testified that she had left her card and each time she revisited the property, her card was no longer where she had left it, and that it was typical for her to honk her horn to attempt to reach the people in the home.

¶13        The court received, and noted in denying the Rule 60 motion, conflicting evidence about whether the gate was locked. Mr. Velasco, his daughter and their neighbor testified that the gate had a chain around it, but was never locked when they were home. Law enforcement officers, who had been to the property for unrelated calls, testified that the gate often was unlocked but sometimes was locked. This and other evidence, including no trespassing and beware of dog signs at the house, support the finding that alternative means of service was appropriate. *See Dodev*, 246 Ariz. at 10 ¶¶ 31-32.

¶14        The Velascos next argue that the default judgment was void "because Lomeli's failure to effectuate service in the manner prescribed rendered the service ineffective and deprived the court of jurisdiction." But the process server testified that, after service by alternative means was authorized, she mailed the summons via first class mail, as well as posted the summons "to the pole of the gate that is the entry to the property." Mr. Velasco testified that he never saw the summons taped to the gate. Mr. Velasco also testified that, although he had P.O. Box for mail, he received other mail sent to his street address. In the end, the superior court weighed and assessed the conflicting evidence and credibility of the witnesses and found alternative service was properly made by notice and mailing. *See* Ariz. R. Civ. P. 4.1(k)(2). On the record presented, the Velascos have not shown that finding was error. *Blair*, 226 Ariz. at 220 ¶ 23. As a result, the Velascos' argument that the court did not have jurisdiction because the service was ineffective fails. And because service was proper, the Velascos have shown no due process violation.

¶15        The Velascos' argument that the default judgment is void because Lomeli "misrepresent[ed]" the Velascos' address is unsupported by the record. The Velascos argue that Lomeli's Rule 55 affidavit, which included the parcel number in the address, was a "fictitious secondary address" and "resulted in a false statement and an incorrect address." In rejecting that argument, the superior court found "they didn't send it to the wrong address. They actually gave a more specific address by including the parcel number to it." The Velascos argue that adding the parcel number was not more specific because the parcel number was missing four digits. But the Velascos have not shown how that alters the address, because the

parcel number was added *along with* the address. For these reasons, this is not like *Ruiz v. Lopez*, relied on by the Velascos, where the court affirmed a superior court's finding that alternative service by mailing a summons to the street address for "a huge complex without an apartment number was not sufficient." 225 Ariz. 217, 219-20 ¶ 6 (App. 2010). The Velascos have not shown how the added specificity of the parcel number to the address for a single family home was a misrepresentation or was a "fictitious address."

**¶16** Because the Velascos have shown no error in the order authorizing alternative means of service or in the effectuation of the alternative means of service authorized, they have also shown no error in the court denying their Rule 60 motion or the relief they sought. *See BYS Inc. v. Smoudi*, 228 Ariz. 573, 577 ¶ 14 (App. 2012).

**CONCLUSION**

**¶17** The order denying the Velascos' motion to vacate judgment is affirmed. Houseopoly, LLC is awarded its taxable costs incurred on appeal contingent on its compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA

7