NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

INVESTORS AZ LLC, *Plaintiff/Appellee,*

*v.*

KELVIN QUASHIE, et al., *Defendants/Appellants.*

No. 1 CA-CV 23-0296
FILED 01-16-2024

Appeal from the Superior Court in Maricopa County
No. CV2023-005882
The Honorable Mary C. Cronin, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Kelvin and Michele Quashie, Avondale
*Defendants/Appellants*

Zona Law Group P.C., Scottsdale
By Scott E. Williams, Amy N. Toppel
*Counsel for Plaintiff/Appellee*

---

## MEMORANDUM DECISION

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Anni Hill Foster joined.

---

**C A M P B E L L**, Judge:

**¶1**         This is an appeal from a forcible detainer judgment in favor of Investors AZ LLC (Investors) and against Kelvin and Michele Quashie. We affirm.

## BACKGROUND

**¶2**         Investors alleged in their forcible detainer complaint that a third party purchased the Quashies' home at a trustee's sale. Later, the third party transferred the home to Investors, and Investors then demanded that the Quashies surrender possession. The Quashies failed to comply.

**¶3**         The court set a telephonic hearing and summoned the Quashies to appear. Before the hearing, the Quashies made filings purporting to specially appear, assert a right to subrogation, and move for dismissal for failure to state a claim. The parties agree that the Quashies called in to the telephonic hearing, but the record contains no transcript of the proceeding. The court entered a judgment noting that the Quashies appeared, adjudicating them guilty of forcible detainer, and assessing attorneys' fees and costs against them.

**¶4**         The Quashies filed a notice of appeal. Some days later, the sheriff's office delivered possession of the home to Investors. The Quashies were thereafter given the opportunity to post a bond for possession pending appeal, but it appears that they did not do so.

## DISCUSSION

**¶5**         We initially address Investors' argument that we should dismiss the Quashies' appeal for failure to comply with the Arizona Rules of Civil Appellate Procedure (ARCAP). ARCAP Rule 13(a)(5) requires that an appellant's brief include a "'statement of facts' that are relevant to the issues presented for review, with appropriate references to the record." Similarly, ARCAP 13(a)(7)(A) requires that the appellant's brief provide "supporting reasons for each [issue], . . . with citations of legal authorities

2

and appropriate references to the portions of the record on which the appellant relies." The Quashies have provided no citations to the record or legal authority. And they have provided no transcript, narrative, or recording to confirm their account of the hearing as required by ARCAP 11(b) to (f). But we decline to summarily dismiss the appeal because we prefer to decide cases on their merits absent "totally deficient" briefing. *See Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984).

¶6            That said, the Quashies' failure to provide a record of the hearing means that we must presume the superior court's findings were supported. *See Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995). We reject the Quashies' contentions that the court deprived them of due process, ignored their arguments, and entered a ruling contrary to the evidence and law. We also note that the documents attached to Investors' complaint constitute substantial evidence in support of forcible detainer findings under A.R.S. §§ 12-1173(1) and -1173.01(A). *See Montano v. Luff*, 250 Ariz. 401, 405–06, ¶¶ 12–13 (App. 2020).

¶7            The record before us demonstrates, contrary to the Quashies' contentions, that the court had personal jurisdiction and that they made a general appearance in the case. The Quashies were served with process pursuant to Arizona Rules of Procedure for Eviction Actions 6(c) and 18(f). *See Bank of N.Y. Mellon v. Dodev*, 246 Ariz. 1, 10, ¶ 29 (App. 2018) ("Proper, effective service on a defendant is a prerequisite to a court's exercising personal jurisdiction over the defendant." (citation omitted). And they entered a general appearance in the matter by making pre-hearing filings. *See Kline v. Kline*, 221 Ariz. 564, 569, ¶ 18 (App. 2009) ("A party has made a general appearance when he has taken any action, other than objecting to personal jurisdiction, that recognizes the case is pending in court."). Given the quantum of evidence presented, the court properly found in favor of Investors.

## CONCLUSION

¶8            We affirm the forcible detainer judgment. We deny Investors' request for attorneys' fees on appeal because Investors fails to identify a basis for such an award. *See* ARCAP 21(a)(2) (providing that a claim for attorneys' fees on appeal "must specifically state the statute, rule, decisional law, contract, or other authority for an award of attorneys' fees," and that

"[i]f a party fails to comply with this requirement, the appellate court may decline to award fees on that basis"). As the prevailing party, Investors is entitled to recover its costs on appeal upon compliance with ARCAP 21.

