244 P.3d 565

**ARIZONA REAL ESTATE INV., INC., Plaintiff/Appellee,**

v.

**Edward SCHRADER and Jane Doe Schrader, husband and wife, Defendants/Appellants.**

No. 1 CA–CV 10–0038.

Court of Appeals of Arizona, Division 1, Department C.

Nov. 9, 2010.

Sanders & Parks P.C. By G. Gregory Eagleburger, Anupam Bhatheja, Dina M. Anagnopoulos, Phoenix, Attorneys for Plaintiff/Appellee.

Rhoads & Associates P.L.C. By Douglas C. Rhoads, Phoenix, Attorneys for Defendants/Appellants.

## OPINION

DOWNIE, Judge.

¶ 1 Edward Schrader appeals from a judgment finding him guilty of forcible detainer. Because the superior court improperly applied service of process rules applicable to special detainer proceedings, we vacate the judgment.

## FACTS AND PROCEDURAL HISTORY

¶ 2 On September 9, 2009, Arizona Real Estate purchased a Scottsdale home at a trustee's sale. Arizona Real Estate gave Schrader, the current occupant and previous owner, written notice to vacate the premises. When Schrader failed to do so, Arizona Real Estate filed a forcible detainer action pursuant to Arizona Revised Statutes ("A.R.S.") section 12–1173.01 (2003).

¶ 3 A process server tried to serve Schrader with the summons and complaint on October 7, 2009. The process server's affidavit does not state the circumstances surrounding the attempt at personal service or reveal whether more than one attempt was made.

The affidavit merely states that the process server posted the summons and complaint "in a conspicuous place" and sent copies by certified mail to Schrader. The summons directed Schrader to appear in the superior court on October 19, 2009 at 9:30 a.m.

¶ 4 Schrader did not appear at the October 19 hearing. The court found that Arizona Real Estate was entitled to possession of the property and directed counsel to lodge a judgment. In a minute entry dated October 26, 2009, the court stated it had received a "Notice of Special Appearance Regarding Lack of Personal Service and Order Procured by Fraud on the Court." The court initially set oral argument for November 16, 2009, but later accelerated the hearing to November 10. On November 10, the court ruled that Schrader had been properly served. Schrader then entered a general appearance, and the court set trial for November 16.

¶ 5 At the conclusion of trial, the court found Schrader guilty of forcible detainer and awarded Arizona Real Estate costs and attorneys' fees. The court entered judgment on November 16, 2009. Schrader filed a motion to reconsider and vacate judgment, which the court denied. Schrader timely appealed. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and A.R.S. § 12–2101(B) (2003).

## DISCUSSION

### 1. Service

¶ 6 Schrader argues that service of process was not properly effectuated. If a defendant has not been properly served, and the defect in service has not been waived, any resulting judgment is void and must be vacated on request. *See Hilgeman v. Am. Mortgage Sec., Inc.*, 196 Ariz. 215, 220, ¶ 14, 994 P.2d 1030, 1035 (App.2000).

¶ 7 We disagree with Arizona Real Estate's contention that Schrader's entry of a general appearance after he lost on the service of process defense waives that issue for purposes of appeal. *See, e.g., Nat'l Homes Corp. v. Totem Mobile Home Sales, Inc.*, 140 Ariz. 434, 437, 682 P.2d 439, 442 (App.1984)

(holding that a defendant who obtains an adverse ruling on a jurisdictional defense has not waived that defense on appeal, even though he proceeds to trial on the merits and judgment is entered against him). Schrader contested service of process before entering a general appearance and before seeking affirmative relief in the forcible detainer proceeding. *See Tarr v. Superior Court,* 142 Ariz. 349, 351–52, 690 P.2d 68, 70–71 (1984) (any action taken to assert the defense of insufficiency of service of process must be limited in scope and narrowly argued because the defense is waived by filing a responsive pleading or by seeking affirmative relief).

¶ 8 The superior court erred by ruling that post and mail service was proper. Arizona Real Estate filed a complaint for forcible detainer, not a special detainer action.[1] Service of process requirements differ for the two types of proceedings. Rule 5(f) of the Rules of Procedure for Eviction Actions reads, in pertinent part:

**Service of Process.** Service of the summons and complaint shall be accomplished by either personal service or post and mail service for a special detainer action, and for a forcible detainer action, as provided by Rule 4.1 or 4.2 of the Arizona Rules of Civil Procedure.

¶ 9 Service of a forcible detainer summons and complaint in Arizona is governed by Arizona Rule of Civil Procedure 4.1. Rule 4.1(d) states that service may be accomplished "by delivering a copy of the summons and of the pleading to that individual personally or by leaving copies thereof at that individual's dwelling house ... with some person of suitable age and discretion." Arizona Real Estate neither served Schrader personally nor left copies of the summons and complaint with an individual at the residence.

¶ 10 Although the superior court applied the wrong standards for service of process, we will nevertheless affirm if the court was correct for any reason. *See Wertheim v. Pima County,* 211 Ariz. 422, 424, ¶ 10, 122

P.3d 1, 3 (App.2005). When Schrader questioned the court's reliance on service of process requirements for special detainer proceedings, the superior court appeared to fall back on its authority, under Rule 4.1(m), to authorize alternative methods of service. Rule 4.1(m) addresses service when personal service "proves impracticable." It states:

If service by [Rule 4.1(d) ] proves impracticable, then service may be accomplished in such manner, other than by publication, as the court, upon motion and without notice, may direct. Whenever the court allows an alternate or substitute form of service pursuant to this subpart, reasonable efforts shall be undertaken by the party making service to assure that actual notice of the commencement of the action is provided to the person to be served and, in any event, the summons and the pleading to be served, as well as any order of the court authorizing an alternative method of service, shall be mailed to the last known business or residence address of the person to be served.

Ariz. R. Civ. P. 4.1(m).

¶ 11 The record here does not establish impracticability. The process server's affidavit is silent as to whether he made more than one attempt to serve Schrader, who still resided in the home. The affidavit includes no facts attesting to any impediments to or evasion of personal service. *See Barlage v. Valentine,* 210 Ariz. 270, 273, ¶¶ 6–8, 110 P.3d 371, 374 (App.2005) (affidavit of due diligence was inadequate where the affidavit merely asserted that a due diligence effort had been made without setting forth any facts showing such an effort). The process server did not testify.

¶ 12 Nothing in this record establishes the "impracticability" that might justify alternative service under Rule 4.1(m). The superior court commented on "the need to make speedy and quick determinations of forcible detainer actions." Although this is a legitimate concern, it cannot be the sole basis for establishing impracticability.

---

1. Compare A.R.S. § 12–1171, *et seq.* (forcible entry and detainer proceedings) with § 33–1377 (2007) (special detainer actions).

**CONCLUSION** [2]

¶ 13 The judgment of the superior court, including the attorneys' fees award, is vacated. Both parties request fees and costs on appeal pursuant to A.R.S. § 12–341.01 (2003) and Arizona Rule of Civil Appellate Procedure 21(c). Rule 21(c) does not provide a substantive basis for costs and fees. Schrader has not established the applicability of § 12–341.01. We thus award no fees. As the prevailing party, however, Schrader is awarded his appellate costs upon compliance with Rule 21.

CONCURRING: MAURICE PORTLEY, Presiding Judge and PATRICIA A. OROZCO, Judge.

---

**2.** Because the judgment against Schrader is void,    we need not address his alternative contentions.