NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SECURE VENTURES LLC, *Plaintiff/Appellee,*

*v.*

CARL JOHNSON, et al., *Defendants/Appellants.*

No. 1 CA-CV 20-0135
FILED 12-29-2020

Appeal from the Superior Court in Maricopa County
No. CV 2019-097802
The Honorable Gary L. Popham, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCES

Carl and June Johnson, Scottsdale
*Counsel for Defendants/Appellants*

Evans, Dove, Nelson, Fish & Grier PLC, Mesa
By Douglas N. Nelson, Trevor J. Fish
*Counsel for Plaintiff/Appellee*

---

**MEMORANDUM DECISION**

Judge Maurice Portley[1] delivered the decision of the Court, in which Acting Presiding Judge Lawrence F. Winthrop and Chief Judge Peter B. Swann joined.

---

**P O R T L E Y**, Judge:

**¶1**        Carl and June Johnson (collectively, "the Johnsons") appeal from the superior court's judgment in favor of Secure Ventures, LLC ("Secure Ventures") in this forcible detainer action. For the following reasons, we affirm.

## BACKGROUND

**¶2**        Secure Ventures purchased certain real property ("the property") at a trustee's sale. Ten days later, Secure Ventures served the Johnsons, the current occupants and previous owners, with a notice to vacate the premises, demanding that they surrender the property within five days.

**¶3**        After the Johnsons failed to comply, Secure Ventures filed a forcible detainer action in the justice court. *Secure Ventures, LLC v. Gerlach*, 249 Ariz. 97, 99, ¶ 2 (App. 2020). The justice court ultimately issued an eviction judgment in Secure Ventures' favor, which was affirmed on appeal to the superior court. *Id.* After this court dismissed the Johnsons' subsequent appeal for lack of jurisdiction, the supreme court remanded the matter to the superior court to consider whether the justice court had jurisdiction to hear the forcible detainer action. *Id.* On remand, the superior court found the justice court lacked jurisdiction and vacated its judgment. *Id.* at ¶ 3.

**¶4**        After that ruling, Secure Ventures filed a new forcible detainer action against the Johnsons in the superior court. Attached to the

---

[1]   The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

complaint was the trustee's deed upon sale, which identified Secure Ventures as the grantee.

¶5        A process server tried to serve the Johnsons with the summons and complaint on three separate occasions, to no avail. Without leave of the court, the process server posted the summons and complaint to the property's front door. According to the process server's affidavit, copies of the documents were also sent to the property by certified mail on the same day.

¶6        Although the summons directed the Johnsons to appear in the superior court at a specified date and time, they did not attend the hearing. Instead, an attorney entered a "special limited notice of appearance" on their behalf to contest the service of process. After hearing from counsel, the superior court authorized additional "alternative service" and continued the hearing for two weeks "[t]o allow time for service to be effectuated." During the interim period, the process server posted an amended summons and the complaint to the front door of the property and sent the documents to the property by certified mail.

¶7        In their answer, the Johnsons: (1) reasserted that service of process was improper, and (2) contested the validity of the trustee's sale. Separately, the Johnsons also requested a jury trial.

¶8        At the rescheduled hearing on the forcible detainer action, Carl Johnson appeared and testified (June Johnson did not attend). After Johnson pled not guilty, the superior court determined there was "no factual basis" for his plea and found him guilty of forcible detainer. Once the court entered a final judgment in favor of Secure Ventures, the Johnsons timely appealed.

## DISCUSSION

¶9        As a preliminary matter, we note that an appealing "party is responsible for making certain the record on appeal contains all transcripts or other documents necessary for us to consider the issues raised." *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995). The Johnsons, however, did not include the transcripts of any superior court proceeding in the record on appeal. *See* ARCAP 11(b)(2). In the absence of a transcript, we must presume the record supports the superior court's ruling. *Kohler v. Kohler*, 211 Ariz. 106, 108, ¶ 8 n.1 (App. 2005); *see also Ashton-Blair v. Merrill*, 187 Ariz. 315, 317 (App. 1996) ("We may only consider the matters in the record before us.").

## I.   Service of Process

**¶10**         The Johnsons contend that service of the summons and complaint was improper.

**¶11**         We review de novo whether the superior court has personal jurisdiction over a party. *Bohreer v. Erie Ins. Exchange*, 216 Ariz. 208, 211, ¶ 7 (App. 2007). A superior court's personal jurisdiction over a party is established by "the fact of service and the resulting notice." *Hirsch v. Nat'l Van Lines, Inc.*, 136 Ariz. 304, 308 (1983).

**¶12**         In a forcible detainer action, the summons and complaint may be served by: (1) delivering a copy of the documents to the individual personally; (2) leaving a copy of each document at the "individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each document to an agent authorized by appointment or by law to receive service of process." Ariz. R. Civ. P. 4.1(d); Ariz. R. P. Eviction Actions 5(e).

**¶13**         The record supports the Johnsons' contention that Secure Ventures' initial manner of service did not comport with Arizona Rule of Civil Procedure ("Rule") 4.1(d). However, under Rule 4.1(k)(1), a court may "order that service [] be accomplished in another manner" upon a showing that service as prescribed under Rule 4.1(d) is "impracticable." When the court permits "an alternative means of service, the serving party must make a reasonable effort to provide the person being served with actual notice of the action's commencement." Rule (k)(2). "In any event, the serving party must mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served." *Id.*

**¶14**         Given the process server's avowal that he made three, discrete attempts to personally serve the Johnsons, the record supports the superior court's implicit finding that personal service upon the Johnsons was "impracticable" and alternative service of process was warranted. *Cf. Ariz. Real Estate, Inv., Inc. v. Schrader*, 226 Ariz. 128, 130, ¶ 11 (App. 2010) (concluding the record did not "establish impracticability," noting the "process server's affidavit [wa]s silent as to whether he made more than one attempt to serve"). Accordingly, the court properly exercised personal jurisdiction over the Johnsons.

## II.   Trustee's Sale

**¶15**      The Johnsons contest the validity of the underlying trustee's sale. Asserting the trustee's sale was "never duly perfected" and alleging it was "conducted by a trustee without proper authority," the Johnsons argue that Secure Ventures has no viable claim for forcible detainer.

**¶16**      A forcible detainer action is a statutory proceeding, "the object of which is to provide a summary, speedy and adequate means for obtaining possession of premises by one entitled to actual possession." *Heywood v. Ziol*, 91 Ariz. 309, 311 (1962). We review the superior court's application of the relevant statutes de novo. *See City of Tucson v. Pima County*, 190 Ariz. 385, 386 (App. 1997).

**¶17**      To the extent the Johnsons contend that the trustee's sale is void because the trustee's deed was not timely recorded, we take judicial notice that the trustee's deed was recorded with the county recorder's office on February 22, 2019, eight days after Secure Ventures purchased the property at a public auction. *See* Ariz. R. Evid. 201(b) (authorizing a court to take judicial notice of "a fact that is not subject to reasonable dispute"). Under A.R.S. § 33-810(A), a "trustee's sale is deemed perfected at the appointed date and time of the trustee's sale" if the trustee's deed is recorded "within fifteen business days after the date of the sale." Therefore, on this record, the trustee's sale was duly perfected.

**¶18**      Next, the Johnsons claim that the trustee lacked the requisite authority to conduct the trustee's sale. This claim fails to recognize that a deed issued at a trustee's sale raises a presumption of compliance with the statutory requirements of the sale and the requirements of the deed of trust. A.R.S. § 33-811(B). Moreover, as proscribed by statute, the merits of a title dispute may not be tried in a forcible detainer action. A.R.S. § 12-1177(A) ("On the trial of an action of forcible entry or forcible detainer, the only issue shall be the right of actual possession and the merits of title shall not be inquired into."); *see also Curtis v. Morris*, 184 Ariz. 393, 398 (App. 1995) ("Because an FED action does not bar subsequent proceedings between the parties to determine issues other than the immediate right to possession, those issues are better resolved in proceedings [other than FED actions]."). To find otherwise "would convert a forcible detainer action into a quiet title action and defeat its purpose as a summary remedy." *Curtis v. Morris*, 186 Ariz. 534, 535 (1996).

**¶19**      By purchasing the property at a trustee's sale, Secure Ventures became its rightful owner under Arizona's deed of trust statutory

scheme. *See* A.R.S. § 33-811(B) (stating a "trustee's deed shall constitute conclusive evidence of [] meeting" the statutory requirements of the deed of trust "in favor of purchasers or encumbrancers for value and without actual notice"). Nonetheless, the Johnsons, having received a written demand, were required to vacate, but failed to vacate the premises.[2] A.R.S. § 12-1173.01(A)(2) (stating a person "who retains possession of . . . real property after he receives written demand of possession may be removed through an action for forcible detainer . . . [i]f the property has been sold through a trustee's sale under a deed of trust"). Because the Johnsons challenge only the validity of the underlying trustee's sale and do not otherwise dispute the superior court's finding that they are guilty of forcible detainer, we cannot say the court erred by entering judgment in favor of Secure Ventures.

## III. Jury Trial

**¶20**        Finally, the Johnsons contend that the superior court improperly denied their request for a jury trial because A.R.S. § 12-1176 mandates that a jury trial be provided upon request: "If the plaintiff does not request a jury, the defendant may do so on appearing and the request shall be granted." Claiming they were denied their right "to be heard," the Johnsons argue they were entitled to a jury trial notwithstanding the superior court's implicit finding that no factual issues existed for a jury to consider.

**¶21**        While A.R.S. § 12-1176 liberally confers a jury trial right to litigants in a forcible detainer action, Rule of Procedure for Eviction Actions 11(d) directs the superior court, when presented with a jury trial request, to "inquire and determine the factual issues to be determined by the jury." If no question of fact exists, "the matter shall proceed to a trial by the judge alone regarding any legal issues or may [be] disposed of by motion or in accordance with the[] rules, as appropriate." *Id.*

**¶22**        We consider related statutes and rules in conjunction with one another and harmonize them when possible. *Hornbeck v. Lusk*, 217 Ariz. 581, 583, ¶ 6 (App. 2008). Read together, the statute and rule provide that a defendant in a forcible detainer action who requests a jury trial is entitled to one insofar as the court determines that factual issues exist for a jury to

---

2        While the Johnsons note that Secure Ventures did not serve them with a new notice to vacate after filing the second forcible detainer action in the superior court, they do not deny that Secure Ventures personally served them with a notice to vacate the property.

decide. In the event no factual issues exist, however, the court, alone, may decide the legal matters by trial or by motion. Construing A.R.S. § 12-1176(B) in the manner advanced by the Johnsons, as requiring a jury trial whenever requested regardless of the circumstances, would be contrary to the clear intent of the forcible detainer statutes, namely, to provide a speedy, summary proceeding to recover property. Because the defense improperly challenged the merits of Secure Ventures' title, the superior court, having implicitly found no factual issues existed, did not err by denying the Johnsons' request for a jury trial.

## CONCLUSION

**¶23**        For the foregoing reasons, we affirm. As the successful party on appeal, we award Secure Ventures its reasonable attorneys' fees and costs pursuant to A.R.S. § 12-1178, conditioned upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA