NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

DIANA KAY WILSON, *Petitioner/Appellee,*

*v.*

ROBERT MICHAEL HOWARD, *Respondent/Appellant.*

No. 1 CA-CV 20-0044 FC
FILED 2-16-2021

Appeal from the Superior Court in Maricopa County
No.  FC2019-002309
The Honorable Margaret LaBianca, Judge

**REVERSED, VACATED, AND REMANDED**

COUNSEL

DeWitt-Lopez Law PC, Phoenix
By Kristen DeWitt Lopez
*Counsel for Petitioner/Appellee*

The Sampair Group PLLC, Glendale
By Patrick S. Sampair
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge D. Steven Williams joined.

---

**W E I N Z W E I G**, Judge:

¶1          Robert Michael Howard ("Father") appeals the superior court's order denying his motion to set aside a default judgment addressing legal decision-making, parenting time and child support. For the following reasons, we reverse the superior court's denial of Father's motion for relief from judgment, vacate the default judgment, and remand for further proceedings consistent with this decision.

## FACTS AND PROCEDURAL BACKGROUND

¶2          Father and Diana Kay Wilson ("Mother") were never married. They share one minor child. Mother petitioned to establish legal decision-making authority, parenting time and child support in early February 2019.

¶3          A month later, Mother moved the superior court for permission to serve Father through alternative means. She argued that personal service was impracticable because (1) she had once attempted and failed to serve Father personally at his parents' house in Goodyear, (2) Father refused to provide his address, and (3) she believed Father would evade service. At the same time, Mother admitted she had found "an accurate address" for Father in Peoria and never attempted to serve him there, but prospectively promised to try. She also knew Father's work address and never tried to serve him there.

¶4          The superior court granted Mother's motion, authorizing her to serve Father by mailing physical copies of the required documents to him at two addresses (the Goodyear and Peoria addresses) and sending electronic copies via email, text messaging and his social media accounts.

¶5          Mother "immediately mailed Father a copy of the court order" to both addresses. She also filed an affidavit of service avowing that her counsel had mailed the physical documents to the Goodyear and Peoria addresses and sent electronic copies to Father's email, cell phone and social media accounts.

**¶6** Father never answered Mother's petition. Mother moved for default judgment on May 9, averring compliance with the alternative service order. On June 24, the court entered default judgment on legal decision-making, parenting time and child support.

**¶7** Three months later, Father moved for relief from the default judgment, arguing it was void because he was not properly served, and the superior court therefore lacked jurisdiction over him. He claimed the superior court erroneously authorized alternative service because Mother had not shown that personal service was impracticable under Arizona Rule of Family Law Procedure ("Rule") 41(*l*). He also argued that Mother failed to comply with Rule 41(*l*)(2) by not sending him the order authorizing alternative service with the required documents and failed to comply with Rule 44(a)(3)(A) by not mailing the application for default to the Peoria address.

**¶8** Mother responded that she had unsuccessfully attempted personal service at the Peoria address—after the superior court had authorized alternative service. She also stated that she had separately sent Father the order for alternative service and did mail the application for default to both the Goodyear and Peoria addresses. The superior court denied Father's motion to set aside the judgment. Father timely appealed. We have jurisdiction. *See* A.R.S. § 12-2101(A)(1), (2).

### DISCUSSION

**¶9** This court reviews de novo whether due process was adequate, *Ruffino v. Lokosky*, 245 Ariz. 165, 168-69 (App. 2018), and how to interpret court rules, *Duckstein v. Wolf*, 230 Ariz. 227, 231, ¶ 8 (App. 2012). We "defer to the superior court's factual findings, and will not set them aside unless they are clearly erroneous." *Ruffino*, 245 Ariz. at 168, ¶ 9.

**¶10** Father argues the default judgment is void for lack of proper service. A default judgment based on improper service is void and must be vacated on request. *Id.* at 168–69, ¶ 10. "If a defendant has not been properly served, and the defect in service has not been waived, any resulting judgment is void and must be vacated on request." *Ariz. Real Estate Inv., Inc. v. Schrader*, 226 Ariz. 128, 129, ¶ 6 (App. 2010).

**¶11** Service of process in family courts is governed by Rule 41 and may be accomplished by (a) delivering the pertinent documents to the individual personally, (b) leaving the documents at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, (c) delivering a copy of the documents to an

agent authorized to receive service for the individual, or (d) mailing the documents, requesting restricted delivery to the individual, and requiring a receipt signed by the individual. Rule 41(c), (d). If, however, a party can show that service is "impracticable" by these traditional means, the family court may authorize an alternative means to serve process. Rule 41(*l*).

**¶12**　　　　Father argues Mother did not show that traditional service methods were impracticable as to him and the superior court thus erred by authorizing alternative service. We agree.

**¶13**　　　　Mother did not show it was impracticable to personally serve Father. Mother had not even tried to personally serve Father at the Peoria address or his place of work. And, her one unsuccessful attempted service at the Goodyear address is not enough, even if coupled with an unspecified belief that Father was and would continue evading service. *See Schrader*, 226 Ariz. at 130, ¶¶ 11-12 (evidence of one service attempt without a showing of impediments to or evasion of service did not establish impracticability under analogous Arizona Rule of Civil Procedure 4.1). Nor did Mother offer proof of evasion, and Father had no legal duty to disclose his location.

**¶14**　　　　Father also argues that Mother did not comply with the alternative service requirements. Because the family court erred in authorizing alternative means of service, we do not reach these arguments.

## CONCLUSION

**¶15**　　　　For these reasons, we reverse the superior court's denial of Father's motion for relief from judgment, vacate the default judgment, and remand for further proceedings consistent with this decision.

