IN THE
# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

STATE OF ARIZONA, ex rel., DEPARTMENT OF ECONOMIC
SECURITY, (MELISSA TIGER), *Petitioners/Appellees*,

*v.*

MICHAEL PENNEL, *Respondent/Appellant*.

No. 1 CA-CV 23-0236 FC
FILED 06-04-2024

Appeal from the Superior Court in Maricopa County
No. FC2021-095515
The Honorable Ashley Rahaman, Judge *Pro Tempore*
The Honorable Marvin L. Davis, Judge

**REVERSED IN PART, VACATED IN PART; REMANDED**

COUNSEL

Fromm Smith & Gadow, P.C. Phoenix
By Stephen R. Smith, Christopher J. Torrenzano
*Counsel for Petitioner/Appellee Melissa Tiger*

Arizona Attorney General's Office, Phoenix
By Amber Pershon
*Counsel for Petitioner/Appellee Arizona Department of Economic Security*

Berkshire Law Office, PLCC, Tempe
By Keith Berkshire, Kristi Reardon, Alexandra Sandlin
*Counsel for Respondent/Appellant Michael Pennel*

**OPINION**

Presiding Judge Michael J. Brown delivered the opinion of the Court, in which Judge Andrew M. Jacobs and Chief Judge David B. Gass joined.

**B R O W N**, Judge:

¶1        Michael Pennel ("Father") appeals the superior court's order denying his motion to set aside a default judgment that ordered him to pay child support to Melissa Tiger ("Mother"). Because Mother failed to show that service through alternative means was justified, or that service through such means was reasonably calculated to give him notice of the proceeding, we reverse the court's order denying Father's motion to set aside, vacate the default judgment, and remand for further proceedings.

**BACKGROUND**

¶2        Mother and Father are the unmarried parents of one child ("Child"), born in January 2021. In November, Mother petitioned to establish paternity and child support. She requested child support and past support "in an amount commensurate" with the Arizona Child Support Guidelines A.R.S. § 25-320 app. ("Guidelines"). A week later, the Arizona Department of Economic Security ("ADES") filed a notice of appearance only to address "support/reimbursement issues," and stated that a copy of the notice had been mailed to Mother's counsel and to Father at his home in Missouri.

¶3        On January 31, 2022, the superior court issued a notice of intent to dismiss the case for lack of service. A few weeks later, Mother moved for alternative service, asserting she had conducted a skip trace and had tried to serve Father at his Colorado and Missouri addresses. The efforts relating to the Colorado address included four separate attempts to serve Father personally. But the extent of Mother's efforts to serve Father at the Missouri address was a single letter, sent on January 20, 2022, with a return receipt requested.

¶4        The court granted the motion for alternative service, directing Mother to "send a copy of all documents to Respondent's [F]acebook/[I]nstagram account messaging service and shall leave a copy of all documents at Respondent's last known address." Mother then applied for entry of default judgment, supporting her alternative service on

Father with a copy of an Instagram message containing a Dropbox link sent to him together with an affidavit of service indicating the petition and summons were posted at Father's Missouri address.

**¶5** The court held a default hearing in August 2022. On the issue of service, Mother's counsel avowed "that all steps that were ordered to be taken to provide alternative service . . . were taken." Mother testified as to who was the father, and the court determined Father was the natural parent of Child.

**¶6** The court then addressed child support.[1] Mother briefly described Father's income, stating that "he's a player [in] the NFL[;] we did a public records search, and his [Chicago] Bears' contract was available through public record." The court found that Father made over $90,000 a month compared to Mother's monthly income of $4,367.67. When the court asked whether Mother was seeking an upward deviation, her counsel stated, "I didn't know if I would need to amend [] the petition because I don't think that we had pled anything about a deviation." The court responded that the Guidelines support a deviation, which prompted Mother to request $6,000 a month. The court replied, "I think that it should be $10,000," to which Mother agreed. The court then ordered Father to pay $190,000 as his past child support obligation, and signed the default judgment establishing paternity, child support, and vital records.

**¶7** Two months later, Father moved to set aside the default judgment under Arizona Rule of Family Law Procedure ("ARFLP") 85(b)(1), (4), and (6). Father argued the judgment was void for lack of service of process, and the superior court erred by ordering an upward deviation in child support. The court summarily denied Father's motion. After Father moved for entry of a final order, he timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1), (2).

## DISCUSSION

**¶8** Father argues the superior court violated his due process rights by deviating from the Guidelines because Mother did not request a deviation. He also argues the court erred by ordering a deviation without considering the relevant factors under A.R.S. § 25-320 and the Guidelines. Finally, he contends the default judgment is void for lack of service of

---

[1] In Mother's proposed default judgment, she requested that Father be ordered to pay child support of $3,145 per month and past child support in the amount of $59,755.

3

process. Because Father's argument that he was not properly served is dispositive, we need not address his other arguments.

**¶9**        We review de novo whether service was proper, *Ruffino v. Lokosky*, 245 Ariz. 165, 168, ¶ 9 (App. 2018), but we defer to the superior court's factual findings unless they are clearly erroneous, *Huskie v. Ames Bros. Motor & Supply Co., Inc.*, 139 Ariz. 396, 401 (App. 1984).

**¶10**        Father argues the default judgment is void for lack of proper service because Mother failed to use "a manner of service of process that was reasonably calculated to inform [him] of the proceedings." A default judgment is "void if it was entered without jurisdiction because of a lack of proper service." *Ruffino*, 245 Ariz. at 168, ¶ 10. "If a defendant has not been properly served, and the defect in service has not been waived, any resulting judgment is void and must be vacated on request." *Ariz. Real Est. Inv., Inc. v. Schrader*, 226 Ariz. 128, 129, ¶ 6 (App. 2010).

**¶11**        "Due process requires notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Blair v. Burgener*, 226 Ariz. 213, 219, ¶ 19 (App. 2010) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). In a child support proceeding, service of process is governed by ARFLP 41. Service is made by: (1) delivering the summons and pleading to the individual personally, (2) leaving the documents at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there, (3) delivering the documents to the person's agent authorized to receive service, or (4) mailing the documents, requesting restricted delivery, requiring a signed receipt. ARFLP 41(c), (d). However, if a party can show service under ARFLP is impracticable, the superior court may order service be accomplished in another manner. ARFLP 41(l)(1).

## A.    Motion for Alternative Service

**¶12**        Mother failed to provide evidence that service at Father's Missouri home was impracticable. *See Bank of N.Y. Mellon v. Dodev*, 246 Ariz. 1, 10, ¶ 31 (App. 2018) (explaining that "[i]mpracticable does not mean impossible, but rather that service would be 'extremely difficult or inconvenient'"). In her motion for alternative service, Mother asserted that both the Colorado and Missouri addresses are Father's "last known current address[es]." The likelihood of Father's current address being in Missouri was bolstered by ADES listing it as his address in their notice of appearance filed well before Mother's motion for alternative service. Even so, Mother

only attempted to personally serve Father at the Colorado address. Mother offered no evidence showing that personal service in Missouri would have been any more difficult or inconvenient than her attempts to serve Father at the Colorado address. And the one letter sent to Father's Missouri address was insufficient to show impracticability. *Cf. Schrader*, 226 Ariz. at 130, ¶ 11 (concluding a single attempt to serve the defendant was insufficient to establish impracticability without evidence of evasion).

¶13 Additionally, Mother never attempted to serve Father at his place of work, even though she knew he was employed by the Atlanta Falcons and played football at the NFL stadium in Atlanta, Georgia. In her response to Father's motion to set aside, Mother asserted that she contacted a process server in Atlanta, who told her the stadium is private property and a process server would not be permitted to enter any area that would allow service of the documents. Even if that assertion had been included in Mother's motion for alternative service, it does not help Mother's position that personal service was impracticable when she had not produced evidence of any effort to contact Father's employer, agent, or other employment-related contacts. *See Wilson v. Howard*, 1 CA-CV 20-0044 FC, 2021 WL 566336, at *2, ¶ 13 (Ariz. App. Feb. 16, 2021) (mem. decision) (concluding that a default judgment was void for lack of service because mother did not try to personally serve father at his home or workplace). And to the extent Mother asserts that Father was evading service of process by failing to monitor his mail during the football season, she needed to attempt to serve him personally at his Missouri address to support that assertion and include such information in the motion for alternative service.

¶14 Defending her decision to seek an alternative service order through social media, Mother cites *Baidoo v. Blood-Dzraku*, 5 N.Y.S.3d 709, 716 (N.Y. Sup. Ct. 2015). In addressing wife's request to allow alternative service (through Facebook) in a divorce proceeding, the court in *Baidoo* first noted personal delivery of the summons was impossible because wife's hired investigators could not find husband, the post office had no forwarding address, there was no billing address linked to his prepaid cell phone, and the motor vehicle department lacked any record of him. *Id.* at 712. The court then required wife to submit a supplemental affidavit to verify (1) that the Facebook account indeed belonged to husband, (2) that husband is "diligent in logging on to his Facebook account," and (3) whether a backup means of service was available, such as a last known address or email address. *Id.* at 714. The affidavit included copies of exchanges between the wife and husband when she had contacted him through his Facebook page, which confirmed that he regularly logged into his account. *Id.*

¶15         Ultimately, the *Baidoo* court granted wife's request, directing her counsel to send husband a web address or an image of the summons from wife's Facebook account once a week for three weeks, and to inform him of the Facebook message by calling him and sending a text message. *Id*. at 716.    *Baidoo* does not support Mother's position; instead, it demonstrates the degree of care a court must take to ensure that requests for alternative service through social media avenues satisfy due process. *Id*.; *see also Doe v. Hyassat*, 337 F.R.D. 12, 16 (S.D.N.Y. 2020) ("Service exclusively through Facebook – particularly in the absence of concrete evidence demonstrating regular use and the identity of the Facebook user – raises significant due process concerns."). On this record, the superior court erred in implicitly concluding that serving Father through his social media accounts was reasonably calculated to alert Father about the pending child support proceeding. *See Blair*, 226 Ariz. at 219, ¶ 19.

### B.    Lack of Compliance

¶16         Even assuming alternative service was justified, Mother has not shown she complied with the order for alternative service. In her motion, Mother asked the superior court to allow her to serve Father with the pleading and summons by attaching them to a Facebook or Instagram message. Noting that Father is an NFL player, Mother asserted his social media accounts show "he is an active user on both sites" and thus timely receipt of the documents "via a direct message" could be reasonably presumed. The court granted the motion, allowing Mother to send the documents to Father's Facebook/Instagram "account messaging service" and directed her to "leave a copy of all documents at [his] last known address." Mother then sent the message via a Dropbox link to Father's Instagram account.

¶17         Mother does not dispute that the Dropbox link in the Instagram message she sent to Father did not include a copy of the summons and thus failed to comply with ARFLP 41.[2] The order granting alternative service specifically required that "all documents" be sent through Father's Facebook/Instagram messaging service. And when a court orders service by alternative means, the serving party "must also *mail*

---

[2]         Mother's use of a Dropbox link to convey the documents through Instagram was problematic because there was no reference to Dropbox in the superior court's order for alternative service. The absence of that information, as well as the omission of any technical requirements for accessing the link, further undermines Mother's contention that she complied with the alternative service order.

. . . any court order authorizing an alternative means of service to the *last-known business or residential address* of the person being served." ARFLP 41(l)(2) (emphasis added). Mother has not shown that she *mailed* a copy of the order granting alternative service to Father's Missouri address or his place of employment. Because alternative service was insufficient, the court erred in denying Father's motion to set aside.

## CONCLUSION

**¶18** The default judgment is void for insufficient service of process. We therefore reverse the court's order denying Father's motion to set aside, vacate the default judgment, and remand for further proceedings. In our discretion, we deny the parties' requests for attorneys' fees under A.R.S. § 25-324(A). As the successful party on appeal, Father is awarded taxable costs subject to compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV