NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of Conservatorship of:

DAVID WAYNE REDKEY, *Petitioner/Appellant*,

*v.*

WILLIAM A. CLARKE, et al., *Respondents/Appellees*.

No. 1 CA-CV 24-0476 PB

FILED 12-23-2025

Appeal from the Superior Court in Maricopa County
No. PB2009-002224
The Honorable Lisa Ann VandenBerg, Judge (ret.)

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

David Redkey, Phoenix
*Petitioner/Appellant*

Spencer Fane LLP, Phoenix
By J. Scott Rhodes, Jessica A. Gale
*Counsel for Respondent/Appellee Clarke*

Mark J. Theut, Phoenix
*Respondent/Appellee*

Theut & Scaringelli & Kupiszewski, Scottsdale
By Lawrence F. Scaringelli, James X. Theut
*Counsel for Respondent/Appellee McCollum*

Broening Oberg Woods & Wilson, P.C., Phoenix
By Kelley M. Jancaitis
*Counsel for Respondent/Appellee Kilfoy*

Bryan Cave Leighton Paisner LLP, Phoenix
By Jacob A. Maskovich, Matthew J. Stanford
*Counsel for Respondent/Appellee First Western Trust Bank*

---

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Anni Hill Foster and Judge Veronika Fabian joined.

---

**M O R S E**, Judge:

¶1 David Wayne Redkey appeals the superior court's order approving the Third Annual Accounting and the Fourth and Final Accounting ("Third and Fourth Accountings") of his former conservator, First Western Trust Bank ("First Western"), and the estate budget of his replacement conservator, Stephanie McCollum ("McCollum"). Redkey objects to the attorney fees approved for the periods covering the Third and Fourth Accountings, and the proposed attorney and administrative fees approved as part of the estate budget of then-conservator McCollum. We affirm in part and vacate and remand in part.

## FACTS AND PROCEDURAL BACKGROUND

¶2 In 2007, Redkey suffered a brain injury in an accident, leading to a substantial monetary settlement. In 2009, represented by attorney William Clarke ("Clarke"), Redkey petitioned for and obtained the establishment of a conservatorship to manage those funds. The superior court appointed JPMorgan Chase Bank as the initial conservator. Clarke then represented JPMorgan Chase Bank as conservator.

¶3 In June 2016, MB Financial Bank succeeded JPMorgan Chase Bank as conservator. Clarke then represented MB Financial Bank as conservator. In December 2016, the court appointed attorney Rick Kilfoy ("Kilfoy") to represent Redkey. Kilfoy filed an Entry of Appearance and

Disclosure of Fee in July 2017.[1]  The filing does not state which parties, if any, received notice of the filing.  In 2019, First Western succeeded MB Financial Bank as conservator for Redkey.  Around the same time, Clarke began representing First Western as conservator and filed a Notice of Basis of Compensation with the superior court.  The document does not state which parties, if any, received notice of the filing.  In 2020, Kilfoy filed an Amended Disclosure of Basis to update his hourly fee, but the document only demonstrates notice to Clarke. Kilfoy updated his fee again in October of 2022, once again with a document which only demonstrates notice to Clarke.

**¶4**        In September 2022, First Western attempted to resign as Redkey's conservator and moved for the appointment of a guardian ad litem for Redkey.  Redkey opposed both the resignation of First Western as conservator and the appointment of a guardian ad litem.  Redkey opposed the resignation of First Western because he objected to their proposed successor and sought to have his wife appointed conservator instead.  The superior court ordered the appointment of Mark Theut ("Theut") to serve as guardian ad litem for Redkey.  During the dispute over First Western's resignation, in December 2022, First Western filed its Third Annual Accounting and a request for conservator fees with the superior court. Clarke filed a request for attorney fees through his law firm.  Around this time, Redkey began making pro se filings with the superior court to express his dissatisfaction with the conservatorship proceedings.

**¶5**        Eventually, the superior court accepted the resignation of First Western and appointed McCollum as the new conservator in January 2023.  In May 2023, McCollum filed her proposed estate budget. Redkey, through Kilfoy, filed an objection.

**¶6**        In June 2023, First Western filed its Fourth and Final Accounting and a request for conservator fees with the superior court. Clarke requested attorney fees.  Kilfoy also requested attorney fees.  The superior court then held a hearing in which it discharged Kilfoy from his duties as Redkey's court-appointed attorney and decided that the outstanding issues surrounding the estate budget and the Third and Fourth Accountings would be resolved together.

**¶7**        Redkey filed a number of documents pro se in which he objected to the Third and Fourth Accountings, the estate budget, and many

---

[1]        The superior court incorrectly stated Kilfoy began representing Redkey in August of 2019.

other aspects of the conservatorship. The superior court advised Redkey in September 2023 that it would not address filings made pro se, because he had access to court-appointed counsel. Later that month, David Mazza ("Mazza") took over as Redkey's court-appointed counsel. Around this time, Kilfoy submitted a fee request for the period covering the Third Annual Accounting. Redkey filed over twenty more pro se filings. In November 2023, the superior court struck all of Redkey's pro se pleadings, except for his motion to proceed pro se, which the superior court denied.

¶8       In January 2024, the superior court declined to hold a hearing before resolving the issues on the estate budget and the Third and Fourth Accountings. The court invited Mazza to file any objections on behalf of Redkey. Mazza objected to the estate budget and the Third and Fourth Accountings on behalf of Redkey, alleging excess charges. In February 2024, the superior court issued an order reducing and partially approving the attorney fees for Kilfoy and Clarke for the periods covering the Third and Fourth Accountings, instructing Clarke and Kilfoy to return any fees above those approved by the superior court. The order also approved the estate budget and requested more information about the conservator fees of First Western for the periods covering the Third and Fourth Accountings. While the superior court waited for the information, Redkey filed several motions to disqualify the assigned judge. The superior court denied those motions. After receiving the additional information from First Western, the superior court issued a final order in May of 2024, approving the conservator fees of First Western for the periods covering the Third and Fourth Accountings, affirming all previously made findings and rulings related to the Third and Fourth Accountings, and approving the estate budget. On July 23, 2024, the superior court designated the May order under Arizona Rule of Civil Procedure ("Rule") 54(b) as a final appealable judgment for the periods covering the Third and Fourth Accountings. However, the superior court did not include the estate budget in its Rule 54(b) designation.

¶9       Redkey timely appealed.[2] We have an independent duty to determine our jurisdiction. *Sorensen v. Farmers Ins. Co. of Arizona*, 191 Ariz.

---

[2]     This is Redkey's third attempt to seek review in this case. Redkey filed the first appeal (1 CA-CV 23-0771) in December 2023. This Court dismissed that appeal for lack of jurisdiction on March 27, 2024. Redkey filed a second appeal (1 CA-CV 24-0247/2 CA-CV 24-0107) in March 2023. This Court dismissed it for lack of jurisdiction on May 2, 2024. Redkey also filed a special action related to this case (1 CA-SA 24-0114), and this Court declined jurisdiction on June 10, 2024.

464, 465 (App. 1997). We have jurisdiction over Redkey's claims related to the Third and Fourth Accountings under A.R.S. §§ 12-2101(A)(1), (9) and 12-120.21(A)(1). Redkey also challenges the approval of McCollum's estate budget. Because the superior court expressly limited its final judgment language under Rule 54(b) to issues related to the Third and Fourth Accountings, and the estate budget is not related to the Third and Fourth Accountings, we do not have jurisdiction over and do not consider Redkey's estate-budget claims. *See Brumett v. MGA Home Healthcare, L.L.C.*, 240 Ariz. 420, 428, ¶ 13 (App. 2016) (explaining a probate order is only appealable when it includes Rule 54 final judgment language).

## DISCUSSION

**¶10** A party waives arguments on appeal if the party did not raise those arguments before the superior court. *Airfreight Exp. Ltd. v. Evergreen Air Ctr., Inc.*, 215 Ariz. 103, 109–110, ¶ 17 (App. 2007). We review an award of attorney fees and costs for an abuse of discretion and issues of statutory interpretation de novo. *In re Guardianship of Sleeth*, 226 Ariz. 171, 174, ¶ 12 (App. 2010). We do not reweigh the superior court's factual findings on appeal unless they are clearly erroneous. *In re Estate of Newman*, 219 Ariz. 260, 265, ¶ 13 (App. 2008).

I. **Notice under A.R.S. § 14-5109.**

**¶11** Redkey argues that because Attorneys Clarke and Kilfoy failed to provide notice of their basis for compensation under A.R.S. § 14-5109 when they first appeared in this proceeding, they waived their right to compensation. Our supreme court recently rejected the argument that the failure to file such a notice forfeits the right to fees. *See Matter of Conservatorship of Chalmers*, --- Ariz. ---, ---, ¶ 28, 571 P.3d 885, 891 (2025). However, the court also held that "the cure for failing to comply with § 14-5109 is subject to the discretion of the court." *Id*. The supreme court explained that the failure to provide proper notice under § 14-5109(A) may be considered as a factor under § 14-5109(C) when determining the reasonableness of fees. *Id.* at 890–91, ¶ 24. Because the superior court lacked *Chalmers* guidance, it is not clear whether it considered whether Clarke and Kilfoy's failure to provide notice under § 14-5109(A) would impact the award of attorney fees. Thus, we vacate the order of the superior court regarding the superior court's award of attorney fees for Clarke and Kilfoy related to the periods covering the Third and Fourth Accountings and remand for reconsideration in light of *Chalmers*.

II.     **Waived and Unpresented Issues.**

**¶12**          The remaining issues—racketeering, conflict of interest, and disqualification—raised by Redkey are either waived or not properly before the Court.  In objecting to the Third and Fourth Accountings, neither of Redkey's court-appointed attorneys raised Redkey's accusation of a conflict of interest by Clarke or his charges of racketeering and fraud.  Redkey attempted to raise Clarke's alleged conflict of interest in his pro se pleadings, but the superior court struck those pleadings because they were not made through Redkey's court-appointed counsel.  *See Lincoln v. Lincoln*, 155 Ariz. 272, 274 (App. 1987) (approving of striking pro se filings because "[a] person who is represented by counsel in litigation has no right to personally conduct any aspect of the litigation except through counsel").

**¶13**          Redkey also requested that the assigned judge be removed for cause.  But Redkey did not urge the grounds for disqualification to the superior court that he raises on appeal until after he filed his notice of appeal.  As a result, the Court cannot consider those arguments as part of this appeal.  *See Sycamore Hills Ests. Homeowners Ass'n v. Zablotny*, 250 Ariz. 479, 486, ¶ 25 (App. 2021) (explaining the Court lacks jurisdiction to consider matters which are not covered by the notice of appeal).  Similarly, the superior court addressed Redkey's demand for a jury trial after Redkey filed his notice of appeal.  The Court does not have jurisdiction to address this issue.  *Id.*; *see also Southwest Gas Corp. v. Irwin*, 229 Ariz. 198, 202, ¶ 12 (App. 2012) (noting "trial courts generally retain jurisdiction to address matters unrelated to the appeal of a judgment properly certified as final").

III.     **Attorney Fees and Costs on Appeal.**

**¶14**          Theut and McCollum request attorney fees and costs under ARCAP 21, but that is a procedural rule only and does not create any substantive right to attorney fees or costs.  *Bed Mart, Inc. v. Kelley*, 202 Ariz. 370, 375, ¶ 24 (App. 2002).  Because Theut and McCollum fail to cite authority for an award of attorney fees, their requests are denied.  *Bank of New York Mellon v. Dodev*, 246 Ariz. 1, 12, ¶ 41 (App. 2018) (explaining that when a party fails "to provide us with authority or argument to award attorney's fees on appeal, we deny the [party's] request").

**¶15**          First Western requests attorney fees and costs under A.R.S. §§ 12-349 and 14-5314.  A.R.S. § 12-349 provides that "the court shall assess reasonable attorney fees, [and] expenses" against a party if that party "brings or defends a claim without substantial justification," among other offenses.  A.R.S. § 12-349(A)(1).  Because Redkey raised a non-frivolous

claim on appeal, we decline to award attorney fees under § 12-349. *See Montano v. Luff*, 250 Ariz. 401, 407, ¶ 18 (App. 2020) (holding that when a party prevailed on one issue on appeal, an award under § 12-349 was not appropriate). First Western also requests attorney fees under A.R.S. § 14-5314, but that statute applies to compensation in guardianship cases. *Cf. Sleeth*, 226 Ariz. at 174, ¶¶ 13–14 (acknowledging different fee statutes apply to guardianships and conservatorships). Because First Western has requested attorney fees under an inapplicable statute, the request is denied. *Bank of New York Mellon*, 246 Ariz. at 12, ¶ 41.

**¶16** We award costs on appeal to McCollum, Theut, and First Western as completely prevailing parties under A.R.S. § 12-341 upon compliance with ARCAP 21. Because we vacate and remand on the issue of attorney fees for the Third and Fourth Accountings, we do not award costs at this time between Redkey, Kilfoy, and Clarke. The superior court may determine which parties, if any, are eligible for an award of costs after proceedings on remand. *See Barry Goldwater Inst. for Pub. Pol'y Rsch. Ctr. v. City of Phoenix*, 249 Ariz. 182, ---, ¶ 35, 563 P.3d 656, 665 (App. 2025), *review granted* (Sept. 9, 2025).

## CONCLUSION

**¶17** We affirm the superior court's order, except as to the attorney fees of Clarke and Kilfoy related to the periods covering the Third and Fourth Accountings. The superior court's order as to the attorney fees of Clarke and Kilfoy related to the periods covering the Third and Fourth Accountings is vacated. We remand to the superior court to reconsider those attorney fees in light of *Chalmers*.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**: JR